HARMANUS M. WELCH, TREASURER *vs.* GEORGE HOTCHKISS, 2d.

Whenever a municipal corporation is authorized to make by-laws relative to a given subject, and to require of those who desire to do any act or transact any business pertaining thereto to obtain a license therefor, the reasonable cost of granting such licenses may be properly charged to the persons procuring them, although the power to do so is not expressly given in the charter.

Therefore, where the charter of the city of New Haven empowered said city to make and enforce by-laws to protect the city from fire, to establish districts within which it should not be lawful to erect, enlarge or elevate any wooden building except by license of the city, and to enact ordinances relating to the subject, and prescribe penalties for their violation ; and ordinances of said city provided that no person should build or enlarge any building within the fire limits, without a license first issued by the fire marshal, for which license

a fee of fifty cents was required to be paid—Held, that the license fee required was not a revenue tax in any proper sense, but rather a reasonable sum collected of the party interested for the purpose of defraying in part the expense of issuing and recording the license, and that the power to require such a fee was conferred by the charter by intendment, as convenient, if not essential, to the full enjoyment of the powers expressly granted.

DEBT by the plaintiff, as treasurer of the city of New Haven, to recover a penalty for the violation of an ordinance of the city against building without a license; brought to the City Court of New Haven, and tried on general demurrer to the declaration before *Harrison, J.* The City Court overruled the demurrer and rendered judgment for the plaintiff, and the defendant filed a motion in error. The points presented will be sufficiently understood from the opinion.

*Ingersoll,* with whom was *Clark,* for the plaintiff in error.

*Doolittle,* for the defendant in error.

CARPENTER, J. The city of New Haven, pursuant to authority conferred by its charter, ordained certain by-laws to regulate the mode of building, and the materials used for erecting or altering buildings, within said city. Among them was one (Charter and Ordinances, page 128, sec. 46), providing that no person should build or enlarge any building, or remove any building from place to place in the city, or put any new roof or covering on any building within the fire district, &c., without a license or permit first issued therefor to the owner or person in charge of such building. The 43d section, page 129, prescribes a penalty for a violation of any of the provisions of the 40th section. The ordinance relating to licenses and permits provides that a small fee of fifty cents shall be paid for a license to erect, enlarge or add to any building.

It is conceded that the defendant violated section 40, and that he is liable to the penalty, provided that section, construed in connection with the ordinance requiring the payment of a license fee, is valid. This action is brought to

recover that penalty. The defendant demurred to the declaration. The court below overruled the demurrer, and the defendant brings the record before this court by motion in error.

No question is made in respect to the form of the action, or to the legal sufficiency of the matter alleged, provided the by-law is valid. The validity of the by-law therefore is the sole question in the case, and that question hinges entirely upon the license fee required.

The power of the court of common council to make by-laws regulating the matter of erecting and altering buildings within the city limits is not questioned. That the by-laws ordained for that purpose are, in themselves, reasonable and proper is not disputed. But it is contended that the ordinance requiring the payment of a fee for a license to build is unauthorized; and therefore, that the ordinance requiring a license, and inflicting a penalty for building without one, is inoperative and void. The objection is that the fee to be paid for a building license is a tax for revenue purposes; that the charter confers no power upon the city to levy such a tax; that it is a sum paid for which no consideration or equivalent is given in return; that it is unequal in its operation, the same fee being required for all classes of buildings without regard to size or expense; and that the power thus to tax implies and carries with it the power to require such a fee as would prevent owners from building at all, and thus comes in conflict with the fundamental rules of law, and operates as a restraint of trade.

If it is to be regarded as a revenue tax, it might be liable to some or all of these objections. But we are of the opinion that it is not a tax, in any proper sense. It is rather a reasonable sum collected of the party, intended for the purpose of defraying, in part, the necessary expense attending the issuing and recording the license. As such it is open to none of these objections. The objections that it is unequal, without consideration, and a restraint of trade, at once disappear and require no further notice. The objection that the city has no power to demand a license fee requires further consideration.

It may be conceded that we do not find, in express terms, such a power in the charter; but we think it is there nevertheless; not so much, perhaps, by necessary implication, as by intendment, gathered from the presumption that the legislature would not deem it necessary to specify matters of so little importance, and which are incidental in their nature, but which, notwithstanding, are convenient, if not essential, to the full enjoyment of the powers expressly granted.

It seems equitable and just that expenses of this character should be paid by those for whom, and at whose instance, they were incurred, and we do not consider it a strained interpretation of the charter to hold that the legislature so intended. We think that this proposition will not be disputed; that whenever a municipal corporation is authorized to made by-laws relative to a given subject, and to require of those who desire to do any act or transact any business pertaining thereto to obtain a license therefor, the reasonable cost of granting such licenses may be properly charged to the persons procuring them, although the power to do so is not expressly given in the charter.

There can be no question as to the propriety of superintending and regulating the erection and alteration of buildings in the city, so far as to see that they conform to the regulations for preventing fire. This is demanded for the safety and welfare of the public at large, and especially of residents and property holders in the city. This duty is imposed upon the fire marshal. In order that he may discharge it thoroughly and systematically, it is essential that he should know what buildings are to be built or altered, and by whom, the mode of construction, the materials to be used, the location and dimensions of the buildings when complete, and the purposes for which they are to be used. To that end a written application, stating details, and signed by the owner or proprietor, is required; which application must be numbered and registered, and if the fire marshal and street inspector are satisfied that the work will be in accordance with the city ordinances, they shall sign and issue a license or permit therefor. A record of these licenses is to be kept, and blanks for the applica-

tion and the license are to be furnished by the city.   The work done under the license must be inspected from time to time, to see that it conforms to the conditions of the application and the city ordinances.   All this involves expense, which must by far exceed the aggregate amount of license fees collected.   This whole expense is incurred more particularly for this class of persons, and is necessary in order that they may enjoy the use of their own property, but in such a manner as not to expose their neighbors to unnecessary annoyance and risk.   It is reasonable and just that they should bear a fair proportion of that expense.   The by-law in question requires nothing more.

For these reasons we are satisfied that there is no error in the judgment of the court below.

In this opinion the other judges concurred.