THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellants, *against* GUSTAVUS MILLER, Respondent.

(Decided June 30th, 1884.)

Under the provision of the New York City Consolidation Act of 1882 (L. 1882 c. 410 § 456), that certain explosive and combustible things shall not

be manufactured, stored, or kept upon sale in the city, except at such places, in such manner and in such quantities as shall be determined by the Board of Fire Commissioners, in the exercise of their discretion, under a permit by them granted therefor, that board may, by its regulations fixing the place, manner and quantities in which such an article shall be kept upon sale, require, upon the issue of a permit therefor, the payment, as a license fee, of a reasonable sum for defraying the expense attending the issuing and recording of the license.

APPEAL from a judgment of the District Court in the City of New York for the Third Judicial District.

The action was brought to recover a penalty imposed by the New York City Consolidation Act of 1882 for keeping ether on sale in that city without a permit. Judgment for defendant was rendered by the justice of the District Court, from which plaintiffs appealed to this court.

*Wm. L. Findley*, for appellants.

*Wehle & Jordan*, for respondent.

CHARLES P. DALY, Chief Justice.—It was held, in the case of *Welsh* v. *Hotchkiss* (39 Conn. 140), that whenever a municipal corporation is authorized to make laws relative to a given subject and to require of those who desire to do any act or transact any business pertaining thereto to obtain a license therefor, the reasonable cost of granting such licenses may be properly charged to the persons procuring them, although the power to do so is not expressly given by the legislature.

In that case, the ordinance of the City of New Haven required a fee of fifty cents for the license granted, and the court held that this was in no sense a tax, but a reasonable sum collected of the party for the purpose of defraying, in part, the necessary expenses attending the issuing and recording of the license. And in *The People* v. *Mulholland* (82 N. Y. 324), the City of Syracuse passed an ordinance prohibiting any one from peddling milk in that city without a license, and required for every vehicle used for that pur-

pose a license to be taken out, for which a sum was to be charged, not less than $5 nor more than $10, for every vehicle so used. It was insisted in that case, as it is in the present case, that this was imposing a tax for revenue, which the corporation had no authority to do; but the court held that it was not; that the object of the ordinance was the health and comfort of the citizens, by securing for them a supply of pure and wholesome milk, and that the license and the fee therefor was "a means of regulation and control" for that purpose. And to the same general effect are *The People* v. *The Mayor &c. of New York* (7 How. Pr. 82, 83) and *The City of Cincinnati* v. *Bryson* (15 Ohio 625). These cases are decisive of the point presented on this appeal.

The act of 1882, consolidating into one act the special and local laws affecting public interests in the City of New York (§ 456), provides that, among other explosive and combustible things, no ether shall be manufactured, stored or kept for sale in the city, except at such places, in such manner and in such quantities as shall be determined by the Board of Fire Commissioners, in the exercise of their discretion, under a permit by them granted therefor, and which is subject to be revoked at any time by the same board.

The Board of Fire Commissioners, in the exercise of this discretion conferred upon them by the statute, established regulations fixing the place, manner and quantities in which ether should be kept upon sale, and authorized the issuance of permits therefor upon the payment of an annual license fee of $2. After the Fire Commissioners established the regulations above stated, the defendant applied for a permit and the Fire Commissioners offered to grant it for a year, upon the payment of the $2 established by the regulation, which the defendant refused to pay, and the permit was not issued to him. An action was then brought to recover the penalty for keeping ether upon sale without a permit, in which action the justice gave judgment for the defendant, upon the ground that the Board of Fire Commissioners had no right to demand a fee of $2 for the permit.

The regulation established by the Board of Fire Commissioners, in respect to keeping upon sale combustible and explosive materials, was for the security and safety of the citizens of New York against fire, and the small fee charged, as was said in *Welsh* v. *Hotchkiss*, was simply a reasonable sum for defraying the expense attending the issuing and recording of the license.

The Board of Fire Commissioners is a department of the city government. The power to make the regulation was given to them by statute, and was exercised for the security and protection of those living within the municipality. ·If a large and unreasonable amount had been fixed, there would be some ground for holding that it must have been imposed as a tax to raise revenue, which the Board of Fire Commissioners have no authority to do; but it is too small to warrant any such conclusion.

The appellant says that this fee is devoted to the general purposes of government and not to defray the expenses connected with licensing. There is no authority in the evidence, or rather in the facts agreed upon, to show that this disposition is made of it; and it is not required to be paid into the relief fund of the fire department by section 431 of the Consolidated Act, which relates only to license fees mentioned in chapter 9 of that act.

The cases relied upon by the appellant in this and in another like appeal are distinguishable. In *Dunbar* v. *The Trustees &c. of Rochester* (5 Cowen 463), the by-laws of the village declared that hucksters and other specified venders of commodities should be licensed, and pay therefor from $15 to $30 a year. It does not appear from the report of the case that any authority was given to the village to establish a regulation requiring such venders to be licensed; and it was held that the corporation of the village had not the power of licensing the trade of hucksters and the other occupations named in the by-laws, at their pleasure, prohibiting them altogether, or crippling them by charges; and that they could not impose the fee as a tax, as it was beyond the taxing power conferred upon the village by its

charter.   And in *The Mayor &c. of New York* v. *The Second Ave. R. R. Co.* (32 N. Y. 261), it was held that the corporation of the City of New York could not, by ordinance, require the proprietors of passenger railroad cars in the City of New York to procure a license for every car, and pay annually for each car the fee of $50; that this was not a regulation of police for internal or domestic government, but a fiscal measure to take from the proprietors of the railroad cars, under the coercion of the penalty it imposed, the sum of $50 for each car.   It was not a regulation of police prescribing a rule of action and conduct, but the imposition of an annual tax which was unlawful and void.

These cases, therefore, are clearly distinguishable from the present one, where the permit was instituted as a police regulation, by a department of the city government, clothed by the state with authority to make the regulation, in its discretion, and the small fee of $2 required for the permit was a mere incident of the regulation.

The judgment should, therefore, be reversed and a new trial ordered, with costs to appellants to abide the event.

LARREMORE and BEACH, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellants to abide event.