CITY OF ST. PAUL *vs.* JOHN B. DOW.

May 13, 1887.

Municipal Corporations—Powers — License Fee not a Tax.—Whenever a municipal corporation is authorized to regulate a subject, and to require those who do any act to obtain a license or permit, it may charge the person procuring the same a reasonable fee to cover the labor and expense of issuing such license or permit. Such a fee is not a tax.

Same—Graduated Fees for Building Permits.—The amount of fee for a "building permit" may, under the charter and ordinances of the city of St. Paul, be graduated according to the estimated cost of the building, which estimate of cost is to be furnished by the applicant to the building inspector.

Appeal by defendant from a judgment of the municipal court of St. Paul.

*Olivier & Farwell,* for appellant.

*W. P. Murray,* for respondent.

MITCHELL, J. The common council of the city of St. Paul have power to control and regulate the construction of buildings, and to prevent and prohibit the erection and maintenance of any insecure or

unsafe buildings within the city. They have also the power to pro-vide for the appointment of a person to inspect and supervise the con-struction of buildings. City Charter, (Mun. Code St. Paul,) § 79, subds. 37, 38. In the exercise of these powers, the council passed "An ordinance to regulate the construction and plumbing of buildings within the city of St. Paul, and to appoint a building inspector," by which, among other things, they provided for the appointment of a building inspector, and required every person desirous of erecting a building to apply to the building inspector "for a permit for the pur-pose," and to furnish him with a written statement of the proposed location, dimensions, and manner of construction, and the materials to be used, and a plan of the plumbing, draining, and ventilation, to-gether with the plans and specifications of the proposed building, which shall be delivered to and remain with the inspector a sufficient time to allow the necessary examination of the same; after which, if it shall appear to the inspector that the laws and ordinances of the city are complied with, he shall give the permit asked for, upon the payment of a prescribed fee, the amount of which is graduated ac-cording to the "estimated cost" of the proposed building, viz.: 50 cents for a building the estimated cost of which is not over $100; over $100, and not exceeding $1,000, $1; over $1,000, and not ex-ceeding $1,500, $2.50; over $1,500, and not exceeding $2,500, $4; for $2,500, up to $5,000, $5; and for every $1,000 over $5,000, an additional sum of 50 cents.

Blank forms for the detailed statement required by the ordinance are to be furnished to the applicant at the office of the inspector, which, when properly filled up, are to be signed by the applicant, and returned to the inspector, with an agreement that the building will be constructed according to the statement, and the ordinances of the city. It is declared unlawful to construct a building without a permit, and a penalty is imposed for so doing. The inspector is required to keep a record of all permits issued, and a register of the number, size, etc., of all buildings erected. It is also made his duty to inspect, from time to time, all buildings in process of erection, to see that the foun-dations are secure and adequate; that the building is being erected according to the provisions of the ordinance; that the materials are

suitable for the purpose, and of sufficient strength and solidity to answer the purpose for which the building is designed, etc. When the building is completed, the inspector is required, on application, to give the owner a certificate that the building is in all respects conformable to law, and properly constructed. No other fee is required of the owner except the fee for the permit already referred to.

The appellant, who was convicted in the court below of erecting a building without a permit, attacks the validity of this ordinance. The power of the common council to pass ordinances regulating the erection of buildings is not questioned. That the provisions of this ordinance for that purpose (except that requiring payment of a fee for the permit) are reasonable and valid is not disputed. But it is contended that the provision requiring the payment of a fee for a license or permit to build is unauthorized and invalid. No express authority to charge a fee for a building permit is found in the charter; but we think that whenever, as in this case, a municipal corporation is authorized to regulate a given subject, and require those who do any act, or transact any business, to obtain a license or permit therefor, a reasonable fee 'for the license or permit, and the labor or expense attending its issue, may be properly charged to the person procuring it, although the power to do so is not expressly given in the charter. This is not a tax, nor its exaction an exercise of the taxing power. It is simply a reasonable sum, collected of the party interested for the purpose of defraying, in part at least, the necessary expense attending the granting of the permit. Dill. Mun. Corp. §§ 357, 358; *Welch* v. *Hotchkiss*, 39 Conn. 140. Therefore the objections raised by appellant, upon the theory that the fee is a tax, require no further notice.

Neither do we see any objection to this fee being graduated according to the estimated cost of the building. The fee is not exacted for the mere clerical act of issuing the permit. Its amount is evidently fixed with reference to the whole labor and expense connected with the matter, including the examination of the plans and specifications before the permit is issued, and the subsequent inspection of the building while in process of erection, and, finally, the issuing the certificate to the owner after its completion. That this would involve

much more labor and expense in the case of a large building or block than in case of a small one is self-evident, and, while this labor might not be exactly in proportion to the cost of the structure, yet the cost probably furnishes the best practicable general standard by which to estimate it. The ordinance is not explicit as to who is to estimate the cost of the proposed building. The counsel for appellant assumes that this is to be done by the building inspector, and from this argues that the ordinance places an arbitrary and unauthorized power in his hands, which might prove a source of great oppression. If counsel's construction of the ordinance in this respect be correct, his objection would be a serious one.

But we think that the ordinance contemplates that in his statement the applicant shall furnish the inspector with the means of ascertaining and determining every fact necessary to be determined in connection with the issuing a permit, included in which should be an estimate of the cost of the proposed building; and that this estimate, thus furnished, is the basis upon which the amount of the fee for the permit is to be computed, and is conclusive upon this point, at least, unless it is fraudulent.

The subject of the ordinance is sufficiently expressed in its title.

Judgment affirmed.