## SIMMONS v. DISTRICT OF COLUMBIA.

(Court of Appeals of District of Columbia. Submitted May 1, 1923. De-
cided June 4, 1923.)

### No. 3896.

1. **District of Columbia ⬥19—Evidence ⬥5(2)—It is common knowledge that
builders must conform to recognized standards, and presumed Congress had
such facts in contemplation when adopting act.**

It is a matter of common knowledge that the failure of builders in
erecting structures for public use to conform to recognized standards
has often resulted in disaster and tragedy, and that means for enforcing
prescribed standards are necessary, and those facts are presumed to have
been in the contemplation of Congress when it adopted Act March 3, 1909,
supplementing Act June 14, 1878, and authorizing the commissioner to
prescribe a schedule of fees for building permits.

2. **District of Columbia ⬥19—Fee for building certificates held not invalid as
a tax.**

The fee demanded by the District of Columbia for the issuance of a
building permit for an apartment house in accordance with the schedule
of fees adopted under the authority given by Act March 3, 1909, which
was not shown to be excessive in view of the character and extent of
the service rendered, was valid, and was not a levy of a tax which was
invalid, because the taxing power may not be delegated.

Appeal from the Supreme Court of the District of Columbia.

Suit by Leo Simmons against the District of Columbia. Judgment
for defendant, and plaintiff appeals. Affirmed.

R. J. Whiteford, of Washington, D. C., for appellant.

F. H. Stephens and R. L. Williams, both of Washington, D. C., for
the District of Columbia.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and
SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a judgment in the Supreme
Court of the District, sustaining the validity of a building regulation
under which plaintiff was required to pay a fee of $200 for a permit
for the erection of his apartment house. In 1878 (20 Stat. 131) the
commissioners were authorized to make and enforce building regula-
tions; that act was supplemented in 1909 (35 Stat. 689), as follows:

"The commissioners of the District of Columbia are hereby authorized and
directed, from time to time, to prescribe a schedule of fees to be paid for per-
mits, certificates, and transcripts of records issued by the inspector of build-
ings of the District of Columbia, for the erection, alteration, repair, or re-
moval of buildings and their appurtenances, and for the location of certain
establishments for which permits are now or hereafter may be required un-
der the building regulations of the District of Columbia, said fees to cover the
cost and expense of the issuance of said permits and certificates and of the
inspection of the work done under said permits; said schedule shall be print-
ed and conspicuously displayed in the office of said inspector of buildings;
said fees shall be paid to the collector of taxes of the District of Columbia
and shall be deposited by him in the treasury of the United States to the
credit of the revenues of the District of Columbia."

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Thereafter the commissioners promulgated comprehensive regulations prescribing a "schedule of fees for permits, certificates, etc., issued by the inspector of buildings of the District of Columbia." The fee here involved was exacted under the provisions of section 3 of those regulations, reading as follows:

"3. Permit fees for new buildings, additions, and enlargements shall be based upon the specified floor area of the same, and one-quarter cent will be charged per superficial or square foot for each such square foot, including cellars and vaults immediately within or appertaining to the said new building, addition, or enlargement."

It is the contention of plaintiff, appellant here, that the act of 1909 is not a building regulation in any sense, but purely a tax-levying statute, and that inasmuch as the taxing power may not be delegated the statute is invalid.

[1] It is a matter of common knowledge that the failure of builders in erecting structures for public use to conform to recognized standards has often resulted in disaster and tragedy. To prescribe standards without means for enforcing compliance therewith would be as futile as to prohibit an act without affixing a penalty. All this Congress is presumed to have contemplated when it passed the act of 1909. That act obviously was intended, not only to authorize the issuance of permits, but by proper supervision thereafter to compel compliance with their terms.

[2] The regulations in question are reasonable and adapted to effect their object. The fee demanded of plaintiff was for a service rendered necessary by him and primarily for his benefit. The fact that the service also was in the public interest does not affect the character of the exaction, which was an inspection fee, and not a tax. St. Paul v. Dow, 37 Minn. 20, 32 N. W. 860, 5 Am. St. Rep. 811. It does not appear that the fee was excessive, in view of the character and extent of the service rendered.

Judgment affirmed, with costs.