[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, the city of Hartford, appeals the decision of the defendant department of public utility control reducing the amount of the fees that the city is allowed to charge for issuing excavation permits to various public service companies, which are also defendants in this appeal. The department acted pursuant to General Statutes § 16-231. The city appeals to this court pursuant to § 4-183. The court finds the issues in favor of the defendants.
General Statutes § 16-229, as it relates to this case, requires a public service company to obtain a permit from a municipality before excavating a public street. The statute allows the municipality to impose "such terms and conditions as to the manner in which such work shall be carried on as may be reasonable."
Section 16-231 provides that a public service company may appeal any denial of a permit, or the terms CT Page 663 and conditions imposed therein, to the defendant department. That statute then provides that the department, by way of relief, after notice and hearing, may grant the excavation permit "upon such terms and conditions as to the carrying on of such work as (the department) finds just and reasonable." In effect, § 16-231 allows the department to override the municipality's permit power, granted by § 16-229, if the department determines that the terms and conditions of the municipality's permit are not reasonable.
Section 16-231 contains no time limit within which a public service company must bring an appeal to the department.
In 1988, the plaintiff city of Hartford enacted an ordinance setting forth a fee schedule for public service company excavation permits. Prior to 1988, the city had not charged a fee for issuing such permits. The city amended the fee ordinance in 1995. Under the original ordinance and the amendment, the fees charged by the city include the costs of inspecting and monitoring the excavation projects to ensure compliance with the terms and conditions of the permits, in addition to the purely administrative costs of issuing the permits.
In 1988, the defendant companies contested the fees charged by the city under the ordinance. Over the next few years, although the city continued to issue permits, the companies withheld payment for the permits they received while the parties attempted to negotiate their differences. This standoff continued until 1994, when the city decided it would no longer issue permits without payment. Beginning in 1994, therefore, the companies paid the fees charged by the city essentially under protest. The city deferred attempts to collect the fees charged between 1988 and 1994 until 1996, when it instituted two civil actions in this court to collect them. Those actions are pending, subject to resolution of the issues raised in this appeal.
This appeal has its origin in an appeal brought by the defendant public service companies to the department under § 16-231 in October 1995. At that time, the companies formally challenged the city's fee schedule as CT Page 664 set forth in the 1988 ordinance and 1995 amendment. The companies' appeal essentially disputed the reasonableness of the basic fee structure, specifically the propriety of including the costs of inspecting and monitoring the excavation projects in addition to the administrative cost of issuance.
Following hearings on the city's motion to dismiss on jurisdictional grounds and later on the merits of the companies' appeals, the defendant department rendered final decisions denying the motion to dismiss and sustaining the appeals. In the decisions, the department held as follows:
 1. The defendant companies properly complied with Regs. Conn. State Agencies § 16-1-49 in attaching only copies of the Hartford ordinances to their appeals, rather than attaching copies of the specific permits.
 2. The time limitation for appealing an order of a municipality to the department which is contained in General Statutes § 16-235 does not apply to the appeals in this case. Rather, these appeals to the department were governed by § 16-231, which does not contain a specific time limitation.
 3. General Statutes § 16-229 does not authorize a municipality to charge a public service company, as part of the fee for an excavation permit, the cost of inspecting and monitoring the excavation project.
Based on those findings and conclusions, the department held that it had jurisdiction to hear and decide the companies' appeals and that the fees charged by the plaintiff city were excessive. The department held that the city was limited to charging fees that covered only the administrative cost of issuing the permits. It further held that the decision applied to all of the fees charged by the city since the original ordinance was enacted in 1988. The city had charged fees based on a sliding scale which, as noted, included costs of inspection in addition to those associated only with issuance. The minimum fee ever charged by the city for a CT Page 665 permit under its schedule had been $75.00. The department determined that the maximum fee that the city could reasonably charge was $40.00.
The city advances essentially four arguments in support of its appeal to this court: (1) that the companies' failure to include copies of the specific permits in contention when they appealed to the department amounted to a jurisdictional defect; (2) that the thirty day time limit on appeals to the department contained in § 16-235 applied to the appeals in this case so as to deprive the department of jurisdiction over most of them; (3) that the department's conclusion that the city is limited to recovering its cost of issuance of the permits was erroneous as a matter of law and (4) that the department incorrectly omitted certain expenses incurred by the city in issuing permits and thereby miscalculated the cost of issuance.
With respect to the city's arguments concerning the department's jurisdiction to hear the companies' appeals, the court notes first that it was proper for the department to make the initial determination as to its jurisdiction. "It is [the] general rule that an administrative agency may and must determine whether it has jurisdiction in a particular situation. When a particular statute authorizes an administrative agency to act in a particular situation it necessarily confers upon such agency authority to determine whether the situation is such as to authorize the agency to act — that is, to determine the coverage of the statute — and this question need not, and in fact cannot, be initially decided by a court." Greater Bridgeport Transit District v. LocalUnion 1336, 211 Conn. 436, 439 (1989) (Citations and internal quotation marks omitted).
Specifically, in this case, it was the task of the department to determine whether its jurisdiction to hear the companies' appeals was based on § 16-231 or § 16-235. The department likewise had the task of determining whether § 16-1-49 of the state regulations required the specific paperwork claimed by the city and, if not, whether the companies' failure to include it in their appeals was a defect of jurisdictional magnitude. CT Page 666
These jurisdictional issues are, of course, legal in nature, an arena usually reserved for the courts. Nevertheless, familiar principles of administrative law grant to an administrative agency considerable latitude in determining legal issues arising under statutes and regulations that it is responsible for enforcing. "Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is a well established practice of (the) court to accord great deference to the construction given (a) statute by the agency charged with its enforcement."Starr v. Commissioner of Environmental Protection,226 Conn. 358, 372 (1993). "This principle applies with even greater force to an agency's interpretation of its own duly adopted regulations." Griffin Hospital v. Commissionon Hospitals and Health Care, 200 Conn. 489, 497 (1986).
It is undisputed that the defendant department is responsible for enforcing the statutes and regulations in question. This court is required, therefore, to accord great deference to the interpretation of those statutes and regulations given by the department. This does not mean that the court must abdicate its adjudicative function in interpreting the law, but it does mean that where there are different but equally plausible interpretations of a statute or regulation, the court must give due deference to that followed by the administrative agency concerned. Starr v. Commissioner,supra 376.
In the present case, there is nothing inherently implausible about the interpretation of the statutes and regulations urged by the city. But the interpretations given by the department are equally plausible and have the added virtue of confirming, rather than denying, jurisdiction to the department to hear and finally decide disputes that were undeniably within its statutory charge and expertise. In an analogous situation, our courts would be obligated to lean toward, not away from, a determination of valid jurisdiction. "Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." Killingly v. Connecticut Siting Council,220 Conn. 516, 522 (1991). For all of the above reasons, the court concludes that the department correctly CT Page 667 determined that it had jurisdiction to hear the companies' appeals in full.
The department's decision on the remaining issue, the fee schedule allowed by law, was based on its reading of longstanding case law rather than an interpretation of any statute or regulation. As quoted earlier in this decision, § 16-229 does not explicitly grant a municipality the authority to impose a fee upon issuance of an excavation permit. This court agrees that the cases cited by the department correctly state the law and fully support the department's decisions in this case.
In Welch v. Hotchkiss, 39 Conn. 140 (1872), cited by both parties in this case, the Supreme Court of Errors held that when a municipality issues a building permit, it has the inherent power to charge a fee to cover "the necessary expense attending the issuing and recording the license" even where there is no explicit legislative authority Id. 142. Although the court in that case also alluded to the inevitable expense of inspecting the work, it did not hold that the municipality could recover that expense from the licensee without explicit legislative grant.
In City of New Haven v. New Haven Water Company,44 Conn. 105 (1876), relying on Welch v. Hotchkiss, supra,
the court invalidated a city ordinance that established a fee schedule for excavation permits because the fees were excessive; that is, they were "not designed for the sole purpose of paying the cost of the licenses." Id. 108.
The department has followed the rule of the above cases in its own decisions, particularly those involving the city of Stamford, DPUC dockets No. 82-06-07 and No. 82-06-19, holding fees charged by Stamford for excavation permits to be unauthorized because they exceeded the cost of issuance.
Based on the decisions of our Supreme Court and its own prior decisions, as summarized above, the department correctly concluded that the fees charged by Hartford in this case were not authorized by law because they were not confined to the cost of issuance. CT Page 668
Finally, the city argues that the department wrongly omitted certain expenses in determining the cost of issuance. These are, as claimed by the city, the expense of checking the length of the excavation and the expense of review by the city's Traffic Department.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." Similarly, "(w)ith regard to questions of fact, it is (not) the function of the trial court . . . to retry the case or to substitute its judgement for that of the administrative agency."Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission onHospitals Health Care, 182 Conn. 314, 318 (1980).
The department's calculation of the cost of issuing an excavation permit was based on an exhaustive review and analysis of evidence produced at the hearing by the city itself. The court has reviewed the record and concludes that the department's decision with regard to the allocation of the city's various expenses is amply supported by substantial evidence contained therein. In particular, the department's decision to omit the expenses claimed by the city was essentially a judgment call based on the department's weighing of the evidence. The court may not, therefore, overrule that decision.
For all of the foregoing reasons, the appeal is dismissed.
MALONEY, J. CT Page 669