## In re Application of Carl R. Ajello, Attorney General of the State of Connecticut *v.* Harold J. Moffie

Cotter, C. J., Loiselle, Bogdanski, Peters and Healey, Js.

Argued November 8—decision released December 11, 1979

*Gerard J. Dowling,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant (plaintiff).

*Marsha B. Moses,* with whom, on the brief, was *Stephen E. Ronai,* for the appellee (defendant).

Per Curiam. In the summer of 1976, the plaintiff, Carl R. Ajello, attorney general, had reasonable cause to believe that the defendant, Harold J. Moffie, the then president of the Connecticut Association of Health Care Facilities, Inc., had written a letter to the members of the association urging them to boycott state-supported patients. Thereafter, pursuant to the provisions of § 35-42 of the General Statutes,[1]

[1] "[General Statutes] Sec. 35-42. SUBPOENA POWER. . . . (a) Whenever the attorney general . . . has reason to believe that any person has violated any of the provisions of this chapter, he may, prior to instituting any action or proceeding against such person, issue in writing and cause to be served upon any person . . . a demand requiring such person to submit to him documentary material relevant to the scope of the alleged violation . . . (e) the attorney general . . . may during the course of an investigation of any violations of the provisions of this chapter by any person (1) issue in writing and cause to be served upon any person, by subpoena, a demand that such person appeal before him and give testimony as to any matters relevant to the scope of the alleged violations. . . ."

the attorney general caused to be served upon Harold J. Moffie a subpoena duces tecum and ad testificandum.[2]

Upon being served Moffie informed the attorney general that he would not comply with the subpoena. Pursuant to the provisions of § 35-42 (f) (1), the attorney general applied to the Superior Court for an order of compliance with the subpoena. The court denied the application on the ground that the activities sought to be investigated by the attorney general were excepted from the application of the Connecticut Anti-Trust Act.

The sole issue raised by this appeal is whether, on an application for enforcement of a subpoena issued pursuant to § 35-42 of the General Statutes, it is proper for the court to make a determination as to the substantive applicability of the Anti-Trust Act to the facts before it. We conclude that it is not proper.

---

[2] "To:   Harold J. Moffie
        Brittany Farms
        400 Brittany Farms Road
        New Britain, Connecticut

By authority of the state of Connecticut, and more particularly, pursuant to § 35-42 of the General Statutes of Connecticut, commonly entitled 'The Connecticut Anti-Trust Act':

You are hereby ordered to appear before the attorney general at his office, 30 Trinity Street, Hartford, Connecticut, at 10:00 o'clock a.m. on Friday, September 10, 1976, then and there to give testimony under oath before competent authority and to submit the documentary materials which may be in your possession, custody, or control, as shown and described in Schedule A, attached hereto and made a part of this Subpoena, because of alleged contracts, combinations or conspiracies, which are for the purpose, or have the effect of:

    (a) refusing to deal or coercing, persuading or inducing third
        parties to refuse to deal with another person.

A written transcript shall be made of your testimony, a copy of which shall be furnished to you and, which shall not be available for public disclosure. Counsel of your choice may be present during the taking of this deposition. . . ."

It is clear that the legislature has given the attorney general subpoena powers to investigate possible violations of the Connecticut Anti-Trust Act and, if warranted, to bring the necessary and proper enforcement proceedings.[3] The purpose of the subpoena is to afford the attorney general a form of pretrial discovery.[4] It allows the attorney general in his investigative role to discover and procure evidence, not to prove a pending charge or complaint. *Oklahoma Press Publishing Co.* v. *Walling,* 327 U.S. 186, 209, 66 S. Ct. 494, 90 L. Ed. 614 (1946).

While courts which enforce such subpoenas may inquire into most questions of legality, they may not inquire into questions concerning the coverage or even the probable coverage of the statute under which the attorney general is acting. See *Oklahoma Press Publishing Co.* v. *Walling,* supra, 214; *Securities and Exchange Commission* v. *Brigadoon Scotch Distributing Co.,* 480 F.2d 1047, 1052 (2d Cir. 1973) ; *New Orleans Public Service, Inc.* v. *Brown,* 507 F.2d 160, 165 (5th Cir. 1975) ; Davis, Administrative Law Text § 3.07, p. 65 (3d Ed. 1972).

The record indicates clearly that the activity sought to be investigated by the attorney general related to a suspected boycott of state-funded medicare patients in the nursing homes of the defendant's

---

[3] "[General Statutes] Sec. 35-32. ATTORNEY GENERAL TO BRING ACTIONS IN THE NAME OF STATE OR AS PARENS PATRIAE. (a) The attorney general, in the name of the state and on behalf of the people of the state, shall enforce the provisions of this chapter. He shall investigate suspected violations and institute proceedings, for any violation of the provisions of this chapter. Such proceedings may pray that such violation be temporarily or permanently enjoined, or otherwise prohibited. . . ." See also § 35-42, footnote 1 of this opinion.

[4] The anti-trust division of the United States Justice Department has similar authority. See The Anti-Trust Civil Process Act of 1962, 76 Stat. 548-557, 15 U.S.C. §§ 1311-1314 (1976).

association. No claim has been made by the defendant that the subpoena was overbroad, or burdensome, or irrelevant, or privileged; cf. *United States* v. *LaSalle National Bank,* 437 U.S. 298, 98 S. Ct. 2357, 57 L. Ed. 2d 221 (1978); the only defense raised by the defendant was that he fell within an exception to the coverage of the Anti-Trust Act.[5]

There is error, the judgment is set aside and the case remanded for further proceedings according to law.

---

[5] The exceptions are set forth in § 35-31 of the General Statutes.