GREATER BRIDGEPORT TRANSIT DISTRICT *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES ET AL. (13620)

PETERS, C. J., SHEA, CALLAHAN, GLASS and HULL, Js.

Argued April 5—decision released May 9, 1989

*John T. Bochanis,* with whom, on the brief, was *Thomas J. Weihing,* for the appellant (plaintiff).

*Charles Krich,* staff attorney, with whom, on the brief, was *Philip A. Murphy, Jr.,* commission counsel, for the appellee (named defendant).

PER CURIAM. The dispositive issue in this appeal is whether an employer charged with age discrimination may seek injunctive relief to avoid responding to interrogatories propounded by the administrative agency authorized to investigate such complaints. The defendant Commission on Human Rights and Opportunities (CHRO) received a complaint from the defendant Frank T. Comparato, charging that the plaintiff, Greater Bridgeport Transit District, had discharged Comparato because of his age, in violation of General Statutes § 46a-60 (a) (1).[1] In order to investigate the merits of the Comparato complaint, the CHRO issued a set of

---

[1] General Statutes § 46a-60 (a) (1) provides that it shall be a prohibited discriminatory practice "[f]or an employer, by himself or his agent, except in the case of a bona fide occupational qualification or need, to . . . discharge from employment any individual . . . because of the individual's . . . age . . . ."

interrogatories to the plaintiff. The plaintiff claimed that it was excused from having to respond to these interrogatories because Comparato was a "municipal employee" under General Statutes (Rev. to 1987) § 46a-60 (b) (1) (A)[2] and hence was excluded from the protection of § 46a-60 (a) (1). When the CHRO insisted on compliance with its interrogatories, the plaintiff initiated the present action for injunctive relief. The trial court granted the CHRO's motion to dismiss, principally on the ground that the plaintiff did not qualify as a "municipality" under § 46a-60 (b) (1) (A). The plaintiff has appealed.[3] Whether the plaintiff is a municipality or not, the trial court's judgment of dismissal was correct.

As a general matter, this court has repeatedly required litigants to exhaust their administrative remedies before a judicial challenge to administrative actions will be entertained. *Pet* v. *Department of Health Services,* 207 Conn. 346, 351–52, 542 A.2d 672 (1988); *Concerned Citizens of Sterling* v. *Sterling,* 204 Conn. 551, 557, 529 A.2d 666 (1987); *LaCroix* v. *Board of Education,* 199 Conn. 70, 78–80, 505 A.2d 1233 (1986). In particular, we have recognized the delay and disruption in the administrative process that would result from judicial interference with statutorily authorized administrative investigations intended to determine whether there is a factual basis for the initiation of formal proceedings. *Commission on Human Rights & Opportunities* v. *Archdiocesan School Office,* 202 Conn. 601, 606,

---

[2] General Statutes § 46a-60 (b) (1) provided at the time of the filing of the complaint with the CHRO: "The provisions of this section concerning age shall not apply to: (A) The termination of employment of any person who has attained the age of seventy and is entitled to benefits under any pension or retirement plan or system provided for state or municipal employees or for teachers in the public schools of the state or under a pension or retirement plan or system provided for employees of an institution of higher education  . . . . "

[3] The plaintiff's appeal was originally filed in the Appellate Court. We transferred the case to this court pursuant to Practice Book § 4023.

522 A.2d 781, appeal dismissed, 484 U.S. 805, 108 S. Ct. 51, 98 L. Ed. 2d 15 (1987); *Heslin* v. *Connecticut Law Clinic of Trantolo & Trantolo,* 190 Conn. 510, 514–15, 461 A.2d 938 (1983). When administrative agencies have come to court to require respondents to comply with interrogatories, we have accordingly refused to permit judicial inquiry into the applicability of the statute to particular cases before completion of the investigatory process. *Commission on Human Rights & Opportunities* v. *Archdiocesan School Office,* supra, 605–608; *In re Application of Ajello* v. *Moffie,* 179 Conn. 324, 325–26, 426 A.2d 295 (1979). In the absence of a showing that the interrogatories propounded by the agency were overbroad, burdensome or irrelevant; *In re Application of Ajello* v. *Moffie,* supra, 327; or would clearly and immediately infringe constitutional rights; *Commission on Human Rights & Opportunities* v. *Archdiocesan School Office,* supra, 607–608; we have disallowed motions to dismiss the agency's request for enforcement of its interrogatories. Such defensive actions are improper because they seek "to raise prematurely issues that are not yet ripe for adjudication." Id., 605.

The present case presents the mirror image of *Commission on Human Rights & Opportunities* v. *Archdiocesan School Office,* and *In re Application of Ajello* v. *Moffie.* The plaintiff did not even wait for the CHRO to invoke the authority conferred upon it by General Statutes §§ 46a-83 (c) and 46a-88 (a)[4] to require an-

---

[4] General Statutes § 46a-83 (c) provides: "In the investigation of any complaint filed pursuant to this chapter, the commission may issue subpoenas requiring the production of records and other documents relating to the complaint under investigation."

General Statutes § 46a-88 (a) provides: "Upon failure of any person to answer interrogatories issued pursuant to subsection (10) of section 46a-54, the commission may file a petition with the interrogatories attached with the superior court of the judicial district in which the violation is alleged to have occurred or where such person resides or transacts business, requesting the court to order that an answer be filed."

swers to its interrogatories relating to its investigation of a complaint of employment discrimination. Instead, the plaintiff filed a preemptive lawsuit to enjoin the CHRO from further investigative activities directed against the plaintiff. This procedural distinction makes no substantive difference. As in the cited cases, the issue that the plaintiff seeks to raise is its eligibility for a statutory exemption. "[T]he CHRO investigation may not be forestalled at this point in the proceeding simply because [an issue of statutory construction] may later be raised if the outcome of the investigatory process is adverse to the [plaintiff]." *Commission on Human Rights & Opportunities* v. *Archdiocesan School Office,* supra, 608. The trial court lacked jurisdiction to hear this complaint, and hence properly granted the CHRO's motion to dismiss.

There is no error.