[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By amended four count complaint filed April 23, 1990, plaintiff Susan M. Renehan ("Renehan") brought an action against defendants John Hancock Mutual Life Insurance Company ("Hancock") and the Employee Benefits Master Plan Administration Committee of the Digital Equipment Corporation ("Digital"). Renehan, while an employee of Digital and a beneficiary of a welfare benefit plan provided by Digital through Hancock, sustained injuries to the nerves and tendons of the fifth digit on her right hand. She required surgery and post-operative physical therapy, both of which are covered under the Hancock plan. Plaintiff submitted CT Page 2762 bills for the cost of physical therapy and Hancock denied coverage. It is submitted that while not stated in the complaint, the ground for denying the cost of physical therapy services was the fact that an occupational therapist rendered some or all of the care for which coverage is being sought. The policy as written does not provide coverage of occupational therapy.
Renehan appealed the denial of her claim to Edward Brady, U.S. Employee Benefits Manager at Digital, but was again denied for the same reasons. See Exhibit C attached to Motion for Summary Judgment. She was also informed by Brady that she was entitled to additional review by the Employee Benefits Master Plan Committee. Id. Renehan failed to seek such review.
Digital has moved for summary judgment on the fourth count of plaintiff's complaint alleging a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"),29 U.S.C. § 1001 et seq. Digital offers as grounds for the motion that the plaintiff has failed to exhaust the administrative remedies provided by her group health insurance plan pursuant to ERISA. Plaintiff objects to the motion, arguing that she exhausted all administrative remedies provided by the plan which were not futile, pursuant to ERISA. Renehan asserts that further review would have been futile due to the following facts: (1) Mr. Edward Brady, the U.S. Employees Benefits Manager for Digital who reviewed the initial denial of her claim by Hancock, would also review the denial of her appeal, this time in his role as plan administrator, and (2) the specific ground to be reviewed, whether a bill rendered by an occupational therapist for physical therapy was compensable under a policy which covered physical therapy treatment, was the same at every stage of the claim process. Renehan concludes her opposition to the motion by stating that the issues of whether she had appropriate administrative remedies available to her and whether she was required to exhaust those remedies are fact-based and ill-suited for summary judgment.
Memoranda in support and in opposition to the motion for summary judgment were filed by the respective parties.
Digital offers as grounds for its motion for summary judgment plaintiff's failure to exhaust the administrative remedies provided by her group health insurance plan pursuant to ERISA. However, from a procedural perspective, "[b]ecause the exhaustion doctrine implicates subject matter jurisdiction", Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 556 (1987), it is submitted that the proper pleading by which to raise this issue is a motion to dismiss. "A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." State Medical Society v. Board of CT Page 2763 Examiners in Podiatry, 203 Conn. 295, 298 citing Baskin's Appeal from Probate, 194 Conn. 635, 640 (1984) (emphasis in original). Nevertheless, "[o]nce [subject matter jurisdiction is] brought to the attention of the court, regardless of the form of the motion, it must be acted upon." Concerned Citizens of Sterling,204 Conn. at 557 (citations omitted). Therefore the motion is properly treated as a motion to dismiss. "Ordinarily, a challenge to the court's jurisdiction is raised by the filing of a motion to dismiss. However, whenever a lack of jurisdiction to entertain a particular proceeding comes to a court's notice, the court can dismiss the proceeding upon its own motion." Park City Hospital v. Commission on Hospitals and Health Care, 210 Conn. 697, 702
(1989) (emphasis in original).
The motion to dismiss admits all well-pleaded facts, invokes the existing record and must be decided upon that alone. Barde v. Board of Trustees, 207 Conn. 59, 62 (1988). If an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction over the action. Greater Bridgeport Transit District v. CHRO, 211 Conn. 129 (1989).
The determination as to whether an adequate administrative remedy exists requires an examination of Renehan's assertion that she exhausted all administrative remedies provided by the plan which were not futile. If the record indicates that pursuant of further administrative review would be futile, the court had subject matter jurisdiction over the action and the motion to dismiss should be denied.
As stated earlier, Renehan asserts that further review would be futile because the same person, Edward Brady, would be reviewing an appeal from his own unfavorable decision on the identical ground presented to him in Renehan's earlier appeal of Hancock's initial denial of her claim. During oral argument, counsel for Digital stated that Brady would not review the earlier decision but that the Employee Benefits Master Plan Administration Committee would conduct the review. Exhibit C, the denial letter from Brady, also states that Renehan has "the right to have this reviewed by the Employee Benefits Master Plan Committee" and refers her to Section 12.6 of her benefits booklet. Section 12.6 (Exhibit A) indicates however that the "Appropriate Plan Administrator" would be the person to review a claim denied by the U.S. Employee Benefits Manager. The names, addresses and phone numbers of the Plan Administrators for each Digital benefit plan are listed in a section not made part of the defendant's exhibit (according to Section 12.6).
The existing record contains conflicting information concerning the person or committee responsible for conducting a review of the U.S. Employee Benefits Manager's denial of Renehan's CT Page 2764 claim as provided by her group health insurance plan pursuant to ERISA. The identity of the reviewer is central to plaintiff's assertion that she exhausted all administrative remedies provided by the plan which were not futile. "When issues of fact are necessary to determine a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross examine adverse witnesses." Standard Tallow Corp. v. Jowdy, 190 Conn. 48,56 (1983).
Therefore, an evidentiary hearing is required to assess plaintiff's claims of futility regarding further administrative review.
KULAWIZ, J.