[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These cases came before the court firstly as an application for protective order filed by Blue Cross and Blue Shield of Connecticut (Blue Cross) against the Commission on Human Rights Opportunities (CHRO) relative to CHRO's subpoena for employment personnel records of three employees of Blue Cross issued in the course of CHRO's investigation of a sex discrimination complaint against Blue Cross filed by Leslie Tollefsen. Pending at that time in the New Haven Judicial District was CHRO's application for enforcement of that subpoena against Blue Cross, which the parties agreed to transfer to Waterbury and which this court heard jointly with the protective order application. CT Page 3510
 Briefly stated, the facts are that Leslie Tollefsen complained to CHRO that she was passed over for promotion by Mr. "S" at Blue Cross because she was female and expecting a child. CHRO in investigating her complaint wished to examine the Blue Cross personnel files of three male employees promoted by Mr. "S" at about the same time but to different positions at levels similar to the promotion Ms. Tollefsen was denied.
At the outset, CHRO argues that this court has no power to issue any protective order concerning an investigative subpoena. The court does believe it has such powers inherent in the power it has to enforce the subpoena. The court holds that its powers under Section 46a-87
of the General Statutes here invoked by CHRO to enforce the subpoena may be exercised in accordance with the court's obligation to respect certain privileges. Section 46a-87 itself recognizes the privilege against self-incrimination would apply to such enforcement proceedings by providing immunity to those required to testify after invoking that privilege. Accordingly, if so required, this court may condition enforcement of a CHRO subpoena in light of those privileges.
 II
CHRO is here seeking investigative material as a law enforcement agency. In this context, it must be recognized CHRO will not be restricted by — the rules of evidence requiring relevancy to a particular complaint and may conduct an investigation into sexual discrimination against Leslie Tollefsen at Blue Cross. See In Re Application of Ajello v. Moffie,179 Conn. 324, 326. The Ajello case was cited in Greater Bridgeport Transit District v. CHRO, 211 Conn. 129, 132 for the proposition that the subpoena must not be overbroad, burdensome or seek irrelevant information. Given the investigative nature of the present CHRO activity the court cannot find plainly shown that information necessary or useful in CHRO making a determination of a violation will not be drawn forth. CHRO v. Archdiocesan School Office, 202 Conn. 601, 605-6. The files sought are those of the past holder of the position Ms. Tollefsen sought and of two other males who were also promoted by Mr. "S" to other higher level jobs. These files are not so plainly irrelevant to developing information concerning sex discrimination that they may not be examined. Accordingly, the subpoena requesting the three personnel files may be enforced as material to Ms. Tollefsen's complaint that Mr. "S" questioned her commitment to Blue Cross because of her pregnancy and denied her promotion because of her sex.
Blue Cross interposes an objection to disclosing personnel files on the grounds that such disclosure will be harmful to its promotion of employees based upon the secret and, therefore frank evaluation of its employees. In University of Pennsylvania v. EEOC, 493 U.S. ___,107 L.Ed.2d 571 (1990), however, the United States Supreme Court held no such privilege exists even where academic institutions are evaluating professors for tenure with respect to an equal opportunity complaint. CT Page 3511 As the United States Supreme Court points out often disclosure of peer review materials will be necessary in order for the EEOC to determine whether illegal discrimination has taken place. In approving the language of the Third Circuit that the alleged perpetrator of discrimination cannot be allowed to pick and choose the evidence which may be necessary for an agency investigation and that confidential material pertaining to other candidates for tenure in a similar time frame may demonstrate that persons with lesser qualifications were granted tenure or that some pattern of discrimination appears, the court found no privilege from non-disclosure. University of Pennsylvania v. EEOC, supra at 584-585.
In the University of Pennsylvania case the parties agreed that the other professor's personnel records were relevant to the investigation. CMS makes no such concession. The observations of the United States Supreme Court as noted here convinces this court to hold that the subpoenaed files are relevant to the CHRO investigation and to enforce compliance with the subpoena. Accordingly, as to the claim of irrelevancy the court denies a protective order and will enforce compliance with the subpoena.
The court must recognize that Connecticut has enacted Section 31-128(f) of the General Statutes which protects the privacy of personnel records. This section allows disclosure, however, if ordered or in response to a government investigation of personnel-related complaints against the employer. The purpose of the examination of those records and the Connecticut policy of safeguarding the privacy of personnel records, leads the Court to condition the use of these records only to the purpose of the CHRO investigation.
Ms. Tollefsen has agreed to be bound to non-disclosure of any such information, except to her attorney who may accompany her to any CHRO hearings. Her attorney has also agreed by letter to discuss any such information only with Ms. Tollefsen and the staff of CHRO. All recipients are hereby directed to disclose the subpoenaed information only with respect to the CHRO's determination of a factual basis upon which to proceed further and for no other purpose. Since all personnel of CHRO are bound by statute not to make disclosure of these materials, the protective order as to them is denied as moot.
Accordingly, enforcement of the subpoena is granted, conditioned upon the use and disclosure of the information sought only with respect to the investigation by CHRO whether a factual basis exists for the initiation of formal proceedings upon Leslie Tollefsen's complaint. See Greater Bridgeport Transit District v. CHRO, supra at 131.
McDONALD, J.