[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS (#106)
The plaintiff Louis Affinito is an employee of the town of Hamden, Connecticut. On or about October 10, 1991, the defendant Board of Ethics of the Town of Hamden notified the plaintiff by mail that a complaint had been filed against him alleging possible violation(s) of the town charter and/or code of ethics. This notice was given in accordance with the rules and regulations of the defendant board and was issued following the completion of a confidential investigation by an investigator appointed by the defendant. The notice further advised the plaintiff that a tribunal had been established and that a hearing had been scheduled for October 23, 1991 in order to determine whether probable cause existed with respect to the complaint filed against him. With respect to that hearing, the notice informed the plaintiff that: (a) he had the right to be present at the hearing; (b) he had the right to have the hearing held open to the public; and (c) if the tribunal found probable cause, he had the right to a full hearing before the defendant.
On October 18, 1991, the plaintiff filed a one-count complaint, an application for a temporary injunction and an order to show cause. In his complaint the plaintiff alleged, inter CT Page 2035 alia, that the defendant is constitutionally required to provide full notice to the plaintiff of the specific allegations underlying the complaint, and that his constitutional right to due process would be violated if the probable cause hearing before the tribunal were held without providing the plaintiff with full and specific notice of the alleged ethics violation prior to the hearing. The plaintiff requested that a temporary injunction be issued enjoining the defendant from proceeding with the probable cause hearing.
In his complaint the plaintiff also alleged: that the defendant had improperly adopted rules and regulations that deny the plaintiff the right to receive notice of the grounds upon which the complaint is made against him; that the defendant's intent to proceed without notice of the grounds for the complaint or notice of his accuser amounts to misconduct and demonstrates the defendant's intent to prejudice the plaintiff; and because the members of the defendant board were engaged in a current and ongoing election campaign, they should be disqualified by reason of their interests in such political activity.
On October 22, 1991, the plaintiff filed an amendment to the original complaint. The amendment added the allegations that the plaintiff had no adequate remedy at law and that he would suffer irreparable injury if the probable cause hearing were conducted in violation of his constitutionally guaranteed rights under the federal constitution. Also on October 22, 1991, the court, DeMayo, J., ordered that a hearing on the order to show cause be held on November 18, 1991. The court also issued an ex parte restraining order pending the outcome of the hearing.
On November 18, 1991, the hearing was conducted as scheduled. At the hearing and in his memorandum in support of his application for injunctive relief, the plaintiff raised the issue that his due process rights would be violated if he were not afforded the opportunity to fully participate in and be heard at the probable cause hearing.
Also on November 18, 1991, pursuant to Practice Book 142-146, the defendant timely filed a motion to dismiss[1] the plaintiff's complaint and a memorandum of law in support thereof. The defendant moves to dismiss for lack of subject matter jurisdiction, on the ground that the plaintiff has failed to exhaust administrative remedies. It is this motion that is the subject of this memorandum. On November 20, 1991, the plaintiff filed a memorandum of law in opposition to the motion to dismiss,[2] and also filed a response to the defendant's brief opposing the motion for a temporary injunction. On December 2, 1991, the defendant filed a brief in reply to the plaintiff's memorandum in opposition to the motion to dismiss. CT Page 2036
On December 20, 1991, the court denied the plaintiff's motion for a temporary injunction. Affinito v. Hamden Board of Ethics,5 CTLR 367 (December 20, 1991, DeMayo, J.). In denying the motion the court found, inter alia, that the tribunal established by the defendant in order to find probable cause is a purely investigatory tribunal. The court then held that procedural due process protections do not apply to an investigation by a municipal board of ethics to determine whether there is probable cause to hold an adjudicative hearing concerning alleged ethics violations. Id., 368. (See Memorandum of Decision #108 in file).
A motion to dismiss is the proper vehicle to utilize in order to attack the subject matter jurisdiction of the court. Practice Book 142, 143(1); Park City Hospital v. Commission on Hospitals and Health Care, 210 Conn. 697, 702, 566 A.2d 602 (1989). A motion to dismiss is the proper vehicle to utilize in order to challenge subject matter jurisdiction for failure to exhaust administrative remedies. Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 555, 529 A.2d 666 (1987).
A motion to dismiss "essentially assert[s] that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." In re Baskin's Appeal, 194 Conn. 635,640, 484 A.2d 934 (1984). A motion to dismiss admits all well-pleaded facts, invokes the existing record and must be decided upon that alone. Barde v. Board of Trustees, 207 Conn. 59,62, 539 A.2d 1000 (1988). The complaint is to be construed most favorably to the plaintiff. Duguay v. Hopkins, 191 Conn. 222,227, 464 A.2d 45 (1983). A motion to dismiss may be granted only when it clearly appears on the face of the entire record that the court is without jurisdiction. In re Baskin's Appeal, supra, 640.
The defendant contends that the plaintiff has failed to exhaust administrative remedies before bringing this action, as required by both the Hamden charter and by state statute. The defendant first argues that 19-5 of the town charter gives the defendant the power to adjudicate ethics violations. Subsection C provides that the defendant itself cannot take disciplinary action upon the finding of a violation. In the case of any appointed officer, the matter is referred to the appointing authority; in the case of any employee, the matter is referred to the employee's supervisor.
Section D provides that "[a]ny officer or employee may, within thirty (30) days from the date any disciplinary action is voted or taken pursuant to the Board's decision that a violation of this Charter and/or any such Code of Ethics has occurred, take an appeal to the Superior Court." The defendant contends that CT Page 2037 19-5 unequivocally provides an appropriate administrative procedure in which the plaintiff must participate before bringing this action to the court.
The defendant next argues that the plaintiff has not exhausted his administrative remedies because the defendant has not issued a final decision concerning the alleged ethics violations. Article I, 3(15)(A) of the defendant's rules and regulations (appended to the complaint) provides that any probable cause investigation and/or hearing shall be conducted in accordance with the Uniform Administrative Procedure Act ("UAPA"), General Statutes 4-166 et seq. Section 4-183(a) of the UAPA provides in pertinent part that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section." General Statutes 4-183(a). The defendant argues that because neither the closed probable cause hearing nor the public adjudicative hearing before the defendant board has been held, the defendant has not rendered any decision concerning the plaintiff.
"`"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . ."'" (Citations omitted). Pet v. Department of Health Services, 207 Conn. 346, 350-51, 542 A.2d 672 (1988), quoting Cahill v. Board of Education, 198 Conn. 229, 238, 502 A.2d 410
(1985); see also Greater Bridgeport Transit District v. CHRO,211 Conn. 129, 131, 557 A.2d 925 (1989). "The doctrine of exhaustion fosters the orderly processes of administrative adjudication and judicial review by providing the reviewing court with the benefit of the agency's findings and conclusions." Payne v. Fairfield Hills Hospital, 215 Conn. 675, 679, 578 A.2d 1025 (1990).
"The doctrine of exhaustion is nevertheless subject to certain narrowly circumscribed but well recognized exceptions." Id., 680. "Among the exceptions is where recourse to the administrative agency would be futile or inadequate . . . or where there is a constitutional challenge to the propriety of the procedures followed by the administrative agency." (Citations omitted). Pet v. Department of Health Services, supra, 353. See also Payne v. Fairfield Hills Hospital, supra, 680. The complaint in this case does not allege that recourse to the agency would be futile or inadequate.
The mere allegation of a constitutional violation does not necessarily operate to excuse a plaintiff's failure to exhaust available administrative remedies. Nevertheless, the courts "have permitted, under special circumstances, a collateral constitutional challenge to the action of an administrative agency CT Page 2038 even in the absence of a direct appeal. [See] LaCroix v. Board of Education, [199 Conn. 70, 80, 505 A.2d 1233 (1986)]; Connecticut Light Power v. Norwalk, 179 Conn. 111, 117, 425 A.2d 576 (1979); see also Greater Bridgeport Transit v. Local Union 1336, [211 Conn. 436, 439, 440 n. 2, 559 A.2d 1113 (1989)]." Payne v. Fairfield Hills Hospital, supra, 680.
In the present case, the plaintiff does not dispute the statutory authority of the defendant to assert its regulatory jurisdiction over him. Nevertheless, construing the complaint most favorably to the plaintiff, the plaintiff contends that the regulations promulgated by the defendant are facially violative of basic constitutional rights guaranteed under the federal constitution. The plaintiff's claim, viewed most favorably to the plaintiff, essentially amounts to a plenary challenge to the constitutionality of the defendant's regulations and procedure as applied to the plaintiff and all others similarly situated. This is not the type of case in which the defendant should be called upon to pass declaratory judgment on the validity of its own regulations. An agency may not determine the constitutionality of its own regulations. Savage v. Aronson, 214 Conn. 256, 269,511 A.2d 696 (1990). "[T]he adjudication of such constitutional issues is reserved to the judiciary . . . nonjudicial branches of government `exceed their authority when they address the constitutional validity of a statute'. . . . Since a regulation commands the same obedience as a statute, the arbiter of its unconstitutionality must be of equal competence and authority." (Citations omitted). Id.
In view of the substantial constitutional questions raised by the plaintiff's claims, this court normally could properly conclude that it possessed jurisdiction to entertain the challenge without first requiring the plaintiff to pursue an administrative remedy. However, in denying the plaintiff's motion for a temporary injunction in this same case, Judge DeMayo has ruled that the defendant's regulations and procedures are constitutionally valid. Affinito v. Hamden Board of Ethics, supra. (See Memorandum of Decision #108 in court file). This court finds that the ruling by Judge DeMayo is correct, that there are no new or overriding circumstances, and that ruling establishes the law of the case. This conclusion disposes of any claim of a constitutional exception to the doctrine of exhaustion of administrative remedies.
The doctrine of the law of the case refers to the general refusal by judges to reopen what has already been decided. McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 525,590 A.2d 438 (1991). This principle does not limit the inherent power of a judge to reconsider prior decisions. Id. "`A judge is not bound to follow the decisions of another judge made at an earlier stage CT Page 2039 of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision.'" Rosenblit v. Danaher, 206 Conn. 125,132-33, 537 A.2d 145 (1988), quoting Breen v. Phelps,186 Conn. 86, 99, 439 A.2d 1066 (1982). This doctrine is "not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked." McCutcheon Burr, Inc., supra, 525, quoting Breen v. Phelps, supra, 99.
Nevertheless, the courts have repeatedly stressed that judges should remain reluctant to reconsider questions of law that previously have been litigated. "A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge." Breen v. Phelps, supra, 99. "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in that case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Citations omitted). Id.
The court finds that the plaintiff has failed to exhaust his administrative remedies, because the plaintiff has not yet participated in any stage of the administrative process afforded him and has not been aggrieved by any final decision of the defendant. Accordingly, the defendant's motion to dismiss for lack of subject matter jurisdiction is granted.
WILLIAM L. HADDEN, JR., JUDGE
FOOTNOTES