RALPH M. SHULANSKY, COMMISSIONER OF
BANKING *v.* RENE RODRIGUEZ ET AL.
(15153)

Peters, C. J., and Callahan, Berdon, Norcott and Palmer, Js.

Argued October 25—decision released November 28, 1995

*Brendan T. Flynn,* with whom were *Steven D. Bartelstone* and, on the brief, *Brian J. Woolf,* for the appellant (named defendant).

*William J. Prensky,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (plaintiff).

PER CURIAM. In this action to enforce an administrative subpoena, the sole issue is whether the commissioner of banking exceeded the broad discretion conferred upon him by General Statutes (Rev. to 1993) §§ 36-21 and 36-495[1] to require the production of documents relevant to the investigation of possible violations of the Connecticut Uniform Securities Act (CUSA). The plaintiff, the banking commissioner of the state of Connecticut (commissioner), filed an application in the trial court to require the defendant, Rene

---

[1] General Statutes (Rev. to 1993) § 36-21 provides: "Examination under oath and subpoenas. The commissioner or any authorized employee of the department of banking may examine any person under oath, which he may administer, relative to the affairs of any entity subject to the general supervision of the commissioner, and may by suitable process compel the attendance of witnesses and the production of books and papers. If any person refuses to attend, testify or produce books and papers as ordered, a judge of the superior court, upon application by the commissioner, may make such order as may be appropriate in the premises to aid in the enforcement of this section." This section was repealed, effective January 1, 1995. Public Acts 1994, No. 94-122, §§ 339, 340.

General Statutes (Rev. to 1993) § 36-495 (now § 36b-26) provides in relevant part: "Investigative powers of commissioner. . . . (c) In case of contumacy by, or refusal to obey a subpoena issued to, any person, the superior court for the judicial district of Hartford-New Britain, upon application by the commissioner, may issue to the person an order requiring him to appear before the commissioner, or the officer designated by him there to produce documentary evidence if so ordered or to give evidence concerning the matter under investigation or in question. Failure to obey the order of the court may be punished by the court as a contempt of court."

Rodriguez,[2] to comply with a subpoena duces tecum that had been served upon him. The defendant challenged the validity of the subpoena on the grounds that: (1) it had been issued for an improper purpose; (2) the documents to be disclosed were irrelevant to any possible CUSA violations; and (3) the production of the documents would have been unduly burdensome. After an evidentiary hearing, the trial court rejected each of the defendant's objections to the subpoena and rendered a judgment directing him to produce the documents specified therein. The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

In this appeal, the defendant argues that the judgment of the trial court should be reversed because the court improperly determined that the documents sought by the commissioner were relevant to the commissioner's investigation of a possible violation of General Statutes (Rev. to 1993) § 36-472.[3] He maintains that we have plenary authority to review the enforceability of an investigatory subpoena with respect to relevancy and that, whatever the scope of our authority, the trial court improperly found relevance in the circumstances of this case. We are not persuaded.

The applicable precedents vest substantial discretion in the administrative agency to engage in pretrial discovery to gather evidence in advance of the filing of specific

---

[2] Although the application, as filed, was addressed not only to the named defendant but also to PVT Realty, Inc., the action was subsequently withdrawn as to that defendant. All references to the defendant are to Rodriguez.

[3] General Statutes (Rev. to 1993) § 36-472 (now § 36b-4) provides in relevant part: "Prohibited activities re the offer, sale or purchase of any security. No person shall, in connection with the offer, sale or purchase of any security, directly or indirectly . . . (2) make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . ."

charges. Unless the administrative inquiry is plainly irrelevant, a party resisting compliance with an investigatory subpoena may not challenge the applicability of the regulatory statute to the conduct under investigation. See *Commission on Human Rights & Opportunities* v. *Archdiocesan School Office*, 202 Conn. 601, 606, 522 A.2d 781, appeal dismissed, 484 U.S. 505, 108 S. Ct. 51, 98 L. Ed. 2d 15 (1987); *Heslin* v. *Connecticut Law Clinic of Trantolo & Trantolo*, 190 Conn. 510, 514–15, 461 A.2d 938 (1983); *In re Application of Ajello* v. *Moffie*, 179 Conn. 324, 326, 426 A.2d 295 (1979); see also *United States* v. *Morton Salt Co.*, 338 U.S. 632, 652–53, 70 S. Ct. 357, 94 L. Ed. 401 (1950); *Oklahoma Press Publishing Co.* v. *Walling*, 327 U.S. 186, 214, 216–17, 66 S. Ct. 494, 90 L. Ed. 614 (1946).

Our examination of the record on this appeal, and the briefs and arguments of the parties, persuades us that the judgment of the trial court should be affirmed not only with respect to this underlying principle, but also with respect to the application of the principle to the facts of this case. The relationship between the documents specified in the subpoena and the commissioner's investigation of possible violations of § 36-472 was fully explored and properly resolved in the thoughtful and comprehensive memorandum of decision filed by the trial court. *Shulansky* v. *Rodriguez*, 44 Conn. Sup. 72, 669 A.2d 638 (1995). Because that memorandum of decision fully states and meets the arguments raised in the present appeal, we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on that issue. It would serve no useful purpose for us to repeat the discussion therein contained. See, e.g., *Daw's Critical Care Registry, Inc.* v. *Dept. of Labor*, 225 Conn. 99, 101–102, 622 A.2d 518 (1993); *Loeb* v. *Al-Mor Corp.*, 224 Conn. 6, 7, 615 A.2d 149 (1992).

The judgment is affirmed.