[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ORDER
In this case, plaintiff Rene Rodriguez has moved this Court pursuant to General Statutes § 36-91(b) to quash a subpoena served by the defendant, Ralph M. Shulansky, Commissioner of the Department of Banking (the "Commissioner") on Shawmut Bank Connecticut, N.A. ("Shawmut"). The Commissioner issued the subpoena as part of an ongoing administrative investigation by the Securities and Business Investment Division of his Department into the marketing of certain limited partnership interests in the Park View Towers Limited Partnership ("partnership").
The history of the subject investigation is fully detailed in this Court's memorandum of decision in Shulansky v. Rodriguez,44 Conn. Sup. 72 (1994). There, the Commissioner sought to enforce an earlier administrative subpoena commanding Mr. Rodriguez "to produce a wide range of documents and records concerning the state of his personal finances on October 20, 1992, the date on which he completed a personal financial statement for Connecticut National Bank ("CNB"), id., 75-76, to which Shawmut is the successor, "to demonstrate that he could make good on his [personal] guarantee of 50% of its loan to the partnership. " Id.,
This Court there rejected Rodriguez's argument that information concerning his personal finances was immaterial to the Commissioner's investigation, holding that such information might assist the Commissioner to determine whether or not Rodriguez had violated CUSA by informing the public in the offering summary for the partnership that he would personally guarantee 50% of the partnership's loan from CNB when in fact he could not. This decision was recently affirmed by the Connecticut Supreme Court, which adopted this Court's analysis of the relevant legal principles and its application of those principles to the subpoena in question. Shulansky v. Rodriguez, 235 Conn. 465
(1995).
Plaintiff Rodriguez now seeks to quash a subpoena commanding him to produce additional records pertaining to his personal finances on October 20, 1992, again on the theory that such information is immaterial to the Commissioner's investigation of the partnership. Because that issue has now been authoritatively decided in favor of the Commissioner, the Court hereby denies the plaintiff's Motion and orders that the challenged subpoena be CT Page 12520-AA complied with at once.
It is so ordered this 29th day of November 1995.
Michael R. Sheldon, Judge