[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO DISMISS
Plaintiff Robert C. Flanagan has filed this action against the State of Connecticut Commission on Human Rights and Opportunities ("CHRO"), Attorney Mercedes Alonzo, Moira Butler of the Connecticut Judicial Department, Penny P. Ross, and Attorney CT Page 166-Q Barbara G. Lifton. He seeks to enjoin an action which defendant Penny Ross filed against him before the CHRO.
Ross's complaint before the CHRO alleges an illegal sexual discrimination practice on the part of plaintiff Flanagan. Defendant Alonzo is an Assistant Corporation Counsel for the CHRO. Defendant Moira Butler is the Affirmative Action Program Coordinator for the State of Connecticut Judicial Department. Defendant Barbara Lifton is an attorney who has represented Penny Ross in prior proceedings. She is also a hearing officer for the CHRO.
Plaintiff seeks to enjoin the proceedings before the CHRO for the following reasons.
1). That Penny Ross originally filed a complaint with the Judicial Review Council wherein she alleged rape/forced sex by Flanagan over a three and one-half-year period, that hearings were held and her allegations were disbelieved. Further, that she similarly complained to the Office of the Chief State's Attorney but that no arrest was forthcoming. Therefore plaintiff claims the doctrine of estoppel and res judicata apply.
2). That Moira Butler, as the Affirmative Action Program Coordinator for the State Judicial Department had taken Penny CT Page 166-R Ross's statement concerning the allegations of rape/forced sex by Flanagan. The Statement was filed with the Judicial Review Council, and Moira Butler testified concerning Ross's allegations. The allegations were disbelieved. Yet Butler's complaint before the Judicial Review Council served together with Ross's statement, as the complaint before the Office of the Chief State's Attorney as well as the CHRO
3). That defendant Barbara Lifton in the prior proceedings represented Penny Ross in regard to her claims against Flanagan and has written two letters to the acting director of CHRO. That Lifton herself has a conflict of interest by being an official of the CHRO as well as a lawyer representing Ross.
4). That Flanagan has filed a motion to disqualify Lifton and a motion to dismiss the complaint before the CHRO because of Lifton's conflict of interest, but that defendant Mercedes Alonzo and the CHRO have failed to rule on these motions.
5) That Attorney Richard O'Connor, who represented Moira Butler before the Judicial Review Council and now represents the Judicial Review Council has refused to recuse himself despite a conflict of interest. Since he represents the Judicial Review Council plaintiff claims he will be bound by its findings which disbelieved Butler. He will therefore be put in a position of CT Page 166-S cross-examining Butler, his former client.
6). That Flanagan filed a motion asking Moira Butler to reply to interrogatories which has not been acted upon by either the CHRO or Mercedes Alonzo.
7). That pursuant to § 46a-83 (c) defendant CHRO has a duty to investigate in order to determine whether or not Ross's complaint contains reasonable cause to require Flanagan to reply. This it has not done
In count 1 plaintiff alleges that the actions by the Connecticut Judicial Department, Richard D. O'Connor and defendants CHRO, Ms. Alonzo, and Barbara Lifton constitute a violation of his civil rights in violation of Title 42, Sections 1983 and 1985 of the United States Code.
Section 1983 provides:
 "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, CT Page 166-T privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
The plaintiff has failed to allege which subsection of Section 1985 has been violated. However § 1985 in it entirety provides
"§ 1985. Conspiracy to interfere with civil rights
(1) Preventing officer from performing duties
 If two or more persons in any State or Territory conspire to prevent by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful CT Page 166-U discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;
"(2) Obstructing justice intimidating party, witness or juror
 If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting CT Page 166-V to enforce, the right of any person, or class of persons, to the equal protection of the law;
"(3) Depriving persons of rights or privileges
 If two or more person in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any CT Page 166-W act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."
The court does not believe that § 1985 applies to the facts as alleged in the plaintiff's complaint.
 "The plaintiff's § 1985 claim must fail since it is well settled that in order to make a viable claim under § 1985, the complaint must allege invidiously discriminatory, class-based animus and must allege facts showing this invidiousness. In the absence of any evidence of class-based animus the action must fail. See A A Concrete, Inc. v. White Mountain Apache Tribe, 676 F.2d 1330 (9th Circ. 1982); Hutchens v. Beckham,, 521 F. Sup. 426 (D.Ga 1981); Sappington v. Pennsylvania, 535 F. Sup. 429 (D.Pa. 1982). Since there is an absence of any such claim or facts concerning invidious, class-based animus in the complaint in this case, the trial court did not err with dismissal of the § 1985 claim CT Page 166-X . . . ." Fetterman v. Univ. of Conn., 192 Conn. 539, 555 (1984).
The first count of the plaintiff's complaint fails to mention any class which the defendants have prejudiced. Furthermore, the plaintiff has failed to allege any sort of conspiracy among the defendants. "To come within the legislation a complaint must allege that the defendants did . . . conspire." Griffin v.Breckenridge, 403 U.S. 88, 102-103 (1971).
In counts 2 and 3 plaintiff alleges that the actions of the CHRO, Mercedes Alonzo, Barbara Lifton and Penny Ross constitute a violation of General Statutes § 46a-58 (a). That statute provides:
 "It shall be a discriminatory practice in violation of this section for any person to subject, or cause to be subjected, any other person to the deprivation of any rights, privileges or immunities, secured or protected by the constitution or laws of this state or the United States, on account of religion, national origin, alienage, color, race, sex, blindness, or physical disability"
Jurisdiction for this statute is contained exclusively with CT Page 166-Y the CHRO. According to General Statutes § 46a-82(a) "Any person claiming to be aggrieved by an alleged discriminatory practice . . . may . . . make, sign and file with the commission a complaint in writing under oath . . . which shall set forth the particulars thereof . . ." A "discriminatory practice" is defined in General Statutes § 46a-51 (8) to include a violation of General Statutes § 46a-58, the subject of this law suit. As our Supreme Court has observed in connection with a related statute, General Statutes § 46a-60, the CHRO has exclusive jurisdiction over this provision. Sullivan v. Bd. ofPolice Commissioners, 196 Conn. 208 (1985). The court in that case stated at page 216:
 "Read in its entirety, the CFEPA not only defines important rights designed to rid the workplace of discrimination, but also vests first-order administrative oversight and enforcement of these rights in the CHRO. It is the CHRO that is charged by the act with initial responsibility for the investigation and adjudication of claims of employment discrimination. That the act does not provide an unconditional private right of action for claimants like the plaintiff is underscored by the terms of General Statutes § 46a-99, which expressly provides such a direct right of action when the CT Page 166-Z allegedly discriminatory employer is a state agency. The plaintiff, having failed to follow the administrative route that the legislature has prescribed for his claim of discrimination, lacks the statutory authority to pursue that claim in the Superior Court. See Connecticut Mobile Home Assn., Inc. v. Jensen's Inc., 178 Conn. 586, 588, 424 A.2d 285 (1979); Connecticut Life Health Ins. Guaranty Assn. v. Jackson, 173 Conn. 352, 357-59, 337 A.2d 1099 (1977)."
The court in Sullivan stated that in exceptional circumstances a claimant may bypass administrative remedies in favor of direct judicial action. It stated that resort to administrative remedies is not required when the administrative remedy is plainly inadequate or when the issue presented for adjudication is beyond the competency of the agency to determine. Such is not the case here, however. The CHRO has authority to afford the plaintiff the same relief that he seeks in the Superior Court.
Private causes of action under our antidiscrimination statutes are provided in only relatively limited circumstances such as General Statutes § 46a-98 (credit discrimination; § 46a-98a (housing discrimination or breach of conciliation agreement); § 46a-99 (violation of certain statutes, not CT Page 166-AA including § 46a-58, by state agencies); § 46a-100
(certain employment discrimination claims where complaint filed with CHRO has not been resolved after the passage of 210 days). However a complaint based on General Statutes § 46a-58 is not one of them
The court thus holds that the plaintiff has failed to exhaust his administrative remedies. "When a particular statute authorizes an administrative agency to act in a particular situation it necessarily confers upon such agency authority to determine whether the situation is such as to authorize the agency to act — that is, to determine the coverage of the statute — and this question need not, and in fact cannot be initially decided by a court . . . This general rule is in accord with our frequently stated observation that `when a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test'sGreater Bridgeport District v. Local Union 1336, 211 Conn. 436,439 (1989) (citations omitted). Also see Greater BridgeportDistrict v. CHRO, 211 Conn. 129 (1989); CHRO v. ArchdiocesanSchool Office, 202 Conn. 601 (1987). Clearly, in the case before us the plaintiff will have the statutory right of appeal. General Statutes § 4-183.
In count 4 plaintiff alleges that the actions of the CT Page 166-BB defendants constitute a multiplicity of suits against the policy of the State of Connecticut. In count 5 he alleges the doctrine of res judicata, res administrata, issue preclusion, and collateral estoppel.
The court does not believe that the stated doctrines apply to this case. The Judicial Review Council hearing concerned whether the plaintiff violated General Statutes § 51-51i(a). That statute states the grounds for removal, suspension or censure of judges. After a hearing the Judicial Review Council determined that the plaintiff was guilty of engaging in a consensual sexual relationship with a married court employee, "which conduct resulted in his failure to observe high standards of conduct so that the integrity and independence of the judiciary might be preserved, in violation of Canon 1 of the Code of Judicial Conduct and Section 51-51i(a)(2) of the Connecticut General Statutes."
The complaint made by Ross before the CHRO, as found in her amended affidavit concerns her claims of discriminatory employment actions. In her affidavit she alleges harassment which was continuing and ongoing throughout her employment, as well as a claim of retaliation for complaining about discrimination. It does not appear that these issues were addressed by the Judicial Review Council. Thus the doctrines cited by the plaintiff do not CT Page 166-CC appear to apply. In any event, the CHRO will be able to decide, after hearing the evidence presented to it, whether the issues are the same as those presented to the Judicial Review Council and if so whether the doctrines of res judicata, estoppel, etc. should apply.
In counts 6, 7, 8 and 9 the plaintiff alleges violations of various provisions of the Federal and State Constitutions. In count 10 he alleges that he cannot obtain any justice whatsoever before the CHRO.
The court holds that it should abstain from hearing these allegations. The plaintiff is involved in ongoing state administrative proceedings, there is an important state interest involved in the administrative proceedings, and there is adequate opportunity for state judicial review of the plaintiff's constitutional claims during and after the administrative proceedings. General Statutes § 4-183 (a) provides:
 "(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal." CT Page 166-DD
General Statutes § 4-183 (b) provides:
 "(b) a person may appeal a preliminary, procedural or intermediate agency action or ruling to the superior court if (1) it appears likely that the person will otherwise qualify under this chapter to appeal from the final agency action or ruling and (2) postponement of the appeal would result in an inadequate remedy."
Plaintiff contends that it is unlikely that the CHRO will find that it has violated his constitutional rights. However, General Statutes § 4-183 (j) provides in pertinent part that "[t]he court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced . . . or decisions are; (1) in violation of constitutional or statutory provisions." "Therefore, even assuming arguendo that the commission would not find itself in violation of the plaintiff's constitutional rights, the . . . claim of such violation by the commission is exactly what the statute authorizes the state court to hear and determine. Therefore, the plaintiff has a full and fair opportunity to litigate all constitutional claims." John F. Merchant v. Alan S.Plofsy et al, United States District Court, District of Connecticut, Civ. No. 3:95 CV 01322 (AVC). CT Page 166-EE
In summary, the court finds that the plaintiff has failed to exhaust his administrative remedies, and that there is adequate opportunity for judicial review of his statutory and constitutional claims if he is unsatisfied with the administrative proceedings.
The action is dismissed as to all parties.
Allen, Judge Trial Referee