GREATER BRIDGEPORT TRANSIT DISTRICT *v.* LOCAL
UNION 1336, AMALGAMATED TRANSIT UNION ET AL.
(13529)

PETERS, C. J., SHEA, GLASS, COVELLO and HULL, Js.

Argued February 7—decision released June 13, 1989

*Thomas J. Weihing,* with whom was *John T. Bochanis,* for the appellant (plaintiff).

*Burton S. Rosenberg,* with whom, on the brief, was *Douglas Taylor,* for the appellee (named defendant).

*Joseph M. Celentano,* assistant counsel, for the appellee (defendant state board of labor relations).

HULL, J. The dispositive issue on this appeal is whether the trial court erred in dismissing, for lack of subject matter jurisdiction, an independent action challenging the scope of an administrative agency's jurisdiction and seeking injunctive relief prohibiting the agency from conducting a hearing on a matter involv-

ing the complainant. We conclude that the trial court's judgment of dismissal was correct.

The undisputed facts relevant to this appeal are as follows. The plaintiff, Greater Bridgeport Transit District, is a transit district created and governed by General Statutes § 7-273b et seq. The plaintiff provides public transportation for the communities of Bridgeport, Stratford, Fairfield and Trumbull. The defendant, Local 1336, Amalgamated Transit Union (union), is the representative of the plaintiff's unionized employees. On January 1, 1987, the plaintiff instituted a revised attendance policy for its employees. On January 12, 1987, the union filed a complaint with the defendant Connecticut state board of labor relations (board), claiming that the formation of a new employee attendance policy involved a mandatory subject of collective bargaining and that the plaintiff's implementation of such a policy without first negotiating with the union constituted an unfair labor practice. In addition, on February 13, 1987, the union, pursuant to provisions contained in its collective bargaining agreement with the plaintiff, filed a demand for arbitration with the American Arbitration Association. Citing the same reasons as alleged in its complaint to the board, the union in its demand for arbitration claimed that the plaintiff's revised attendance policy was violative of the collective bargaining agreement between the parties and sought to have the policy withdrawn.

On August 27, 1987, the plaintiff received a notice of hearing from the board scheduling a hearing on the union's complaint for November 17, 1987. On November 16, 1987, the plaintiff filed with the Superior Court its own complaint, claiming that the board did not have jurisdiction to hear the union's complaint because arbitration was the exclusive remedy for the union's grievance. In its claims for relief, the plaintiff sought a temporary and permanent injunction prohibiting the board from conducting a hearing on the union's com-

plaint. On November 30, 1987, the board filed an amended motion to dismiss the plaintiff's complaint, claiming, inter alia, that the trial court lacked subject matter jurisdiction to issue an injunction on the plaintiff's complaint because the plaintiff had failed to exhaust its administrative remedies. On May 27, 1988, the trial court, *Harrigan, J.,* issued a memorandum of decision in which it granted the board's amended motion to dismiss. Relying on the doctrine of exhaustion of administrative remedies, the court held that it was "improper and premature for the [plaintiff] to bring this action and the court therefore lacks jurisdiction," i.e., the plaintiff was required to exhaust its administrative remedies by litigating its jurisdictional claim in the first instance before the board. The plaintiff appeals this decision of the trial court dismissing its complaint.

" 'It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* 173 Conn. 352, 358–59, 377 A.2d 1099 (1977); *State ex rel. Golembeske* v. *White,* 168 Conn. 278, 282, 362 A.2d 1354 (1975); see 3 Davis, Administrative Law § 20.01; General Statutes §§ 4-175, 4-183.' *Connecticut Mobile Home Assn., Inc.* v. *Jensen's Inc.,* 178 Conn. 586, 588, 424 A.2d 285 (1979)." *Cummings* v. *Tripp,* 204 Conn. 67, 75, 527 A.2d 1230 (1987). The present appeal requires us to determine whether an administrative agency has exclusive initial power to determine its own jurisdiction in a particular case. The plaintiff maintains that the general rule requiring exhaustion of administrative remedies does not apply to claims challenging the scope of an administrative agency's jurisdiction and that the question of an agency's jurisdiction may be litigated in the first instance in the Superior Court through an independent action. We disagree.

A claim that an administrative agency has acted beyond its statutory authority or jurisdiction properly may be the subject of an administrative appeal. See General Statutes § 4-183 (g).[1] Where there is in place a mechanism for adequate judicial review, such as that contained in § 4-183, "[i]t is [the] general rule that an administrative agency may and must determine whether it has jurisdiction in a particular situation. When a particular statute authorizes an administrative agency to act in a particular situation it necessarily confers upon such agency authority to determine whether the situation is such as to authorize the agency to act—that is, to determine the coverage of the statute—and this question need not, and in fact cannot, be initially decided by a court." 2 Am. Jur. 2d, Administrative Law § 332 and cases therein cited. This general rule is in accord with our frequently stated observation that " 'when a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test.' " *Laurel Park, Inc.* v. *Pac,* 194 Conn. 677, 685, 485 A.2d 1272 (1984), quoting *Carpenter* v. *Planning & Zoning Commission,* 176 Conn. 581, 598, 409 A.2d 1029 (1979). We are persuaded that the jurisdictional claim raised in the plaintiff's complaint to the Superior Court is properly, and exclusively, within the

---

[1] General Statutes § 4-183 (g) provides: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

power of the board to decide in the first instance.[2] The plaintiff may then, if necessary, raise the jurisdictional issue on administrative appeal pursuant to General Statutes § 4-183.

Further support for our position may be found in several recent cases decided by this court where challenges to an administrative agency's authority to act, asserted initially in the Superior Court, were held to be premature. See *Greater Bridgeport Transit District* v. *Commission on Human Rights & Opportunities,* 211 Conn. 129, 557 A.2d 925 (1989); *Commission on Human Rights & Opportunities* v. *Archdiocesan School Office,* 202 Conn. 601, 522 A.2d 781, appeal dismissed, 484 U.S. 805, 108 S. Ct. 51, 98 L. Ed. 2d 15 (1987); *Laurel Park, Inc.* v. *Pac,* supra; *Heslin* v. *Connecticut Law Clinic of Trantolo & Trantolo,* 190 Conn. 510, 461 A.2d 938 (1983). Accordingly, we conclude that the trial court lacked jurisdiction to hear the plaintiff's complaint and therefore properly granted the board's motion to dismiss.[3]

There is no error.

In this opinion the other justices concurred.

---

[2] We note that the plaintiff's complaint does not present a constitutional claim, which is a recognized exception to the exhaustion of administrative remedies doctrine. See, e.g., *Friedson* v. *Westport,* 181 Conn. 230, 232–33, 435 A.2d 17 (1980).

[3] We note that, despite having ruled that it lacked subject matter jurisdiction to consider the issue of the board's jurisdiction raised in the plaintiff's complaint, the trial court nevertheless, inexplicably, spent a portion of its memorandum of decision addressing that very issue. The trial court's discussion of the merits of the plaintiff's complaint, however, is not binding upon the board and should be treated as mere dicta: " 'Once it becomes clear that the trial court lacked subject matter jurisdiction to hear the [plaintiff's] complaint, any further discussion of the merits is pure dicta. Lacking jurisdiction, neither the trial court nor this court should deliver an advisory opinion on matters entirely beyond our power to adjudicate.' *Doe* v. *Heintz,* 204 Conn. 17, 38, 526 A.2d 1318 (1987) (*Peters, C. J.,* concurring)." *Statewide Grievance Committee* v. *Rozbicki,* 211 Conn. 232, 246, 558 A.2d 986 (1989).