[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE DATED APRIL 1, 1992
The defendant State Board of Mediation and Arbitration CT Page 2912 moves to strike the plaintiffs' allegations and request for declaratory judgment and injunctive relief for two reasons.
First, it claims that the parties should be left to seek redress by some other form of procedure pursuant to Conn. Practice Book 390. That section provides in pertinent part as follows:
"The Court will not render declaratory judgments upon the complaint of any person:
(c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure."
The court finds that another form of procedure is adequate to address the grievances of the parties. The Municipal Employees Relations Act (MERA) is a statute which mandates arbitration over matters subject to collective bargaining when the parties are unable to resolve their differences within a specified period of time. General Statutes 7-473c(a).
"`When a particular statute authorizes an administrative agency to act in a particular situation it necessarily confers upon such agency authority to determine whether the situation is such as to authorize the agency to act — that is, to determine the coverage of the statute — and this question need not, and in fact cannot, be initially decided by a court.'" Cannata v. Department of Environmental Protection,215 Conn. 616, 623, quoting Greater Bridgeport Transit District v. Local Union 1336, 211 Conn. 436, 439.
Furthermore, Conn. Gen. Stats. 52-418 provides a completely adequate, efficient and speedy review with regard to questions of law within compulsory arbitration proceedings, because such review is de novo. Aetna Life Casualty Co. v. Bulaong, 218 Conn. 52; American Universal Co. v. DelGreco,205 Conn. 178.
Second, defendant claims that plaintiffs failed to allege exceptional circumstances which would permit a declaratory judgment action to be maintained. A plaintiff seeking a declaratory judgment must allege in its complaint that exceptional circumstances exist which would permit such an action to be maintained. Redmond v. Mathies, 149 Conn. 423. The court does not believe that the plaintiffs have alleged CT Page 2913 exceptional circumstances to justify that a declaratory judgment action be maintained.
Accordingly, the motion to strike is granted.
ALLEN, JUDGE