[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff City of Hartford (hereinafter the "City") appeals pursuant to General Statutes 4-183 from a decision of the defendant Connecticut State Board of Labor Relations (herein-after the (Board) ordering the City to comply with the defendant Hartford Police Union's (hereinafter the "Union") request for certain information regarding a pending disciplinary hearing of a police officer charged with misconduct.
The Union, by letter from its attorney dated October 7, 1986, requested that the Hartford Chief of Police provide it with "copies of any and all reports, statements, internal memos, or other documents, other than the notes created by your advocate in preparation for the hearing, in reference to the pending disciplinary hearing of Officer William Holcombe." The Union CT Page 210 sought this information as the representative and advocate of the officer charged with misconduct in order that the Union might adequately represent and defend the officer at his hearing.
The Hartford Chief of Police denied the Union's request for information, stating that it was the policy of the Hartford Police Department that no evidentiary material expected to be used at a departmental hearing should be released prior to the hearing.
Accordingly, pursuant to General Statutes 7-471(4), which is part of the Municipal Employee Relations act (hereinafter "MERA") the Union filed a complaint dated November 6, 1986 with the Board, alleging that the City, a "municipal employer" under General Statutes 7-467(1), engaged in a prohibited practice under General Statutes 7-470 when it refused to provide the Union, the bargaining representative of the City's uniformed police employees, with the information requested. The Union alleged that the City's failure to provide the requested information was a violation of the duty to provide information and that such violation constituted a prohibited practice under MERA.
The Board, after hearing the parties, made the following conclusions of law in its "Decision and Order" dated March 8, 1990:
 "1. The statutory duty to bargain in good faith includes the duty to furnish the Union with relevant information necessary for it to police the collective bargaining agreement.
 2. The information requested in the Union's October 7, 1986 letter was relevant to the Union's duties as exclusive bargaining representative of the police unit.
 3. Under the facts presented here, the City's refusal to provide the Union with information in a police officer's file who has been charged with alleged misconduct and which relates to a pending disciplinary hearing, constituted a refusal to bargain and a prohibited practice under Section 7-470(a)(4)."
The Board ordered the City to cease and desist from refusing to provide the Union with the requested information relating to CT Page 211 the pending disciplinary hearing and to provide the Union with this type of information in the future.
It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act. Greater Bridgeport Transit District v. Local Union 1336, 211 Conn. 436,438, 559 A.2d 1113 (1989). The City has exhausted all available administrative remedies as required by General Statutes 4-183(a). Additionally, the record adequately supports a finding of aggrievement, a necessary predicate to the City's appeal. See Connecticut Business Industries Assn., Inc. v. CHHC, 214 Conn. 726, 730,573 A.2d 736 (1990).
The scope of judicial review in administrative appeals is set forth in General Statutes 4-183(g) (Rev. to 1985) as follows:
 The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Reviewing courts traditionally have accorded deference to the labor board's interpretation of the acts it is charged with enforcing. Board of Education v. State Board of Labor Relations,217 Conn. 110, 119-120, 584 A.2d 1172 (1991), citing Lieberman v. Board of Labor Relations, 216 Conn. 253, 263, 597 A.2d 505 (1990). The agency's practical construction of the statute, if reasonable, is "high evidence of what the law is." Id., quoting Cos Cob Volunteer Fire Co. No. 1, Inc. v. Freedom of Information Commission, CT Page 212212 Conn. 100, 106, 561 A.2d 429 (1989). On the other hand, it is the function of the courts to expound and apply governing principles of law. Lieberman, supra, 262, quoting NLRB v. Brown, 380 U.S. 278,291, 85 S.Ct. 980, 13 L.Ed.2d 839 (1965) (Other citations omitted.)
The United States Supreme Court has held that the duty to bargain collectively, imposed upon an employer by the National Labor Relations Act, includes a duty to provide relevant information needed by a labor union for the proper performance of its duties as the employees' bargaining representative. See National Labor Relations Board v. Acme Industrial Co.,385 U.S. 432.
The language of the National Labor Relations Act (hereinafter LRA) and Connecticut's MERA is essentially the same and for this reason the judicial interpretation frequently accorded the federal act is of great assistance and persuasive force in the interpretation of our own acts. West Hartford Education Assn., Inc. v. DeCourcy, 162 Conn. 566, 579, 295 A.2d 526 (1972): see also Board of Education of the Town of Thomaston, 217 Conn. 110, 120
(1991).
There is a general duty on the part of an employer to disclose relevant information to an employee's bargaining representative as part of the duty to bargain collectively or to bargain in good faith.
However, the NLRB in Anheuser-Busch, Inc., 237 NLRB 982 (1978), created an exception to this general duty. There, the NLRB addressed the issue of whether the National Labor Relations Act was violated when an employer refused to provide the union with witness statements relating to an employee's suspension prior to the arbitration of the employee's grievance. The NLRB dismissed the union's complaint holding that the general obligation to honor requests for information does not encompass the duty to furnish witness statements themselves.
In the case at bar, the Board chose not to follow the Anheuser-Busch decision with respect to the non-disclosure of witness statements.
It is not the Board's finding of the relevancy of witness statements that concerns this court. Rather, it is the Board's adoption of a non-mandated policy of disclosure of such statements CT Page 213 given the peculiar facts of this case.
In rejecting the witness statement exception in Busch, the Board stated that the disclosure of the names of potential witnesses, as noted in Busch, is equally likely to result in the intimidation or coercion of witnesses. The court agrees and modifies herein the Board's order to reflect this concern.
This court is confronted with the problem of how to apply the various decisions of state and federal courts and state and federal labor relations boards to the facts presented here. The court is mindful of the decision in Board of Education v. CSBLR,190 Conn. 235, 242 (1983) regarding the requirement on an employer to furnish information to a union where there is a probability that such information is relevant to a grievance proceeding and that great weight should be given to the determination of relevancy by the Board.
However, police organizations require the public trust in far greater dimension than that accorded most commercial enterprises. In order to encourage the free flow of information within a police, department, those individuals who provide information that may lead to a disciplinary hearing for an officer must enjoy confidentiality at the pre-hearing stage. The adoption of a contrary policy will in all likelihood tend to impede, if not stifle, intra departmental investigations.[1]
In the opinion of this court, the preservation of the integrity of police departments is best served by adopting, in this case, the rule set forth in Anheuser-Busch, supra, excluding witness statements from the types of information disclosable prior to a disciplinary hearing. The court further adopts the holding in NLRB v. New Jersey Bell Telephone Company, 936 F.2d 144 (1991), and orders the City to furnish the Union with summaries of all witness statements obtained during the investigation prior to the disciplinary hearing. No information contained therein shall reveal the identity of informants or witnesses and any reasonable concern on the part of the City that any information contained in the summaries may identify such informants or witnesses shall be resolved in favor of nondisclosure. See Pennsylvania Power Light Co., 301 NLRB No. 138, 1991).
Accordingly, the City's appeal is sustained to the extent set forth above and the Board's decision and order dated March 8, 1990, is so modified. In all other respects, the Board's CT Page 214 decision and order is affirmed.
BARRY, J.