[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS DATED 3/28/96
On March 8, 1996, the plaintiffs, The Winfied [Winfield] Lane Association, its individual members, and Richard S. Ward, filed an application for a Permanent Injunction, a Temporary Injunction, and Temporary Restraining order enjoining the defendants, the Town of New Canaan, the New Canaan Planning and Zoning Commission, Daniel A. Foley, and the Town of New Canaan Board of Education from performing any work on the West Elementary School, and from acting on any zoning permit, building permit or other approval relating to the school. Ex parte relief was denied on March 8, 1996, and a hearing was held on April 1, 1996. The defendants filed a motion to dismiss on April 1, 1996, the plaintiffs filed an objection and memorandum in opposition on April 4, 1996, and the defendants filed a reply brief on April 11, 1996.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in the original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). A motion to dismiss "does not seek to introduce facts outside of the record . . . and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff." American Laundry Machinery, Inc. v.State, 190 Conn. 212, 217, 459 A.2d 1031 (1983). Failure to exhaust administrative remedies is a proper ground for a motion to dismiss. See Gemmell v. New Haven, 32 Conn. App. 280,630 A.2d 1331 (1993). "[A] motion to dismiss is the proper vehicle to raise the issue of a prior pending action." (Internal citations omitted.)Gaudio v. Gaudio, 23 Conn. App. 287, 294, 580 A.2d 1212 (1990), cert. denied, 217 Conn. 803, 584 A.2d 471 (1990).
The subject of the action is a challenge to renovations and expansions of the West Elementary School. On February 6, 1996, the town planning and zoning inspector, Daniel A. Foley, signed a permit or permits "which signified his approval of the West School Project and his belief that the West School Project complied with all applicable Zoning Regulations." (Verified Complaint, ¶ 9). The plaintiffs allege that shortly thereafter contractors began excavating, regrading, and generally preparing the property for the CT Page 2860 renovations. On February 29, 1996, the plaintiffs filed an appeal with the New Canaan Zoning Board of Appeals challenging the lack of notice of the application, the lack of a public hearing on the application, and the approval of the zoning, building and other permits. The plaintiffs further allege that the filing of the appeal should have caused an automatic stay of the project pursuant to New Canaan Zoning Regulations § 60-23.9. The regulations provide that there shall be a stay of the project unless the zoning inspector certifies that to do so would cause imminent peril to life or property. Foley so certified on March 4, 1996. The plaintiffs then filed an appeal with the New Canaan Zoning Board of Appeals (ZBA) challenging the decision to stay. (Reply Brief, Exhibit 4: Notice of Appeal). In the defendants' reply brief the defendants represent that the ZBA held a hearing on both appeals on April 1, 1996. The board voted to deny the appeal contesting Foley's certification (Defendants' Reply Brief, Exhibit 1: Memorandum to Planning and Zoning Commission) but postponed its decision on the underlying issues pending briefs and further evidence until May 6, 1996.
The defendants first argue that the plaintiffs have failed to exhaust their administrative remedies because they filed two appeals with the Zoning Board of Appeals, one of which addresses the same issues currently before the superior court, which remedies are clearly appropriate and adequate. The plaintiffs respond that the New Canaan regulations specifically provide for an injunctive action of the certification order to this court, and their action meets one of the exceptions to the exhaustion doctrine.
Section 60-23.9 provides that an appeal to the Board shall stay all proceedings in the action unless the officer from whom the appeal is taken certifies that a stay would cause imminent peril to life or property, "in which case proceedings shall not be stayed otherwise than by a restraining order which may be granted by a court of record . . . on due cause shown." The provision is identical to General Statutes § 8-7.
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter."Cummings v. Tripp, 204 Conn. 67, 75, 527 A.2d 230 (1987). "The exhaustion doctrine reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the CT Page 2861 benefit of the local board's judgment." (Internal quotation marks omitted.) Simko v. Ervin, 234 Conn. 498, 503, 661 A.2d 1018 (1995).
The courts have carved out an exception to the exhaustion doctrine: "[A]ny person specifically and materially damaged by a violation of the zoning ordinances which has occurred or is likely to occur on another's land may seek injunctive relief restraining such violation [without exhausting administrative remedies]." Id., 504. Reynolds v. Soffer, 183 Conn. 67, 69, 438 A.2d 1163 (1981). "We cannot state too strongly, however, the necessity for clear and precise allegations of specific and material claims of damage in order to establish the threshold requirement for this exception to the exhaustion doctrine." Cummings v. Tripp, supra, 204 Conn. 76. In Cummings v. Tripp the court held that the plaintiff did not have to exhaust his remedies in an action enjoining the defendants from renting a dwelling in violation of the zoning regulations, even though the plaintiffs did not appeal the inaction of the building inspector in enforcing the regulations. The court reasoned that where specific findings of special harm had been found, it would be inequitable and inefficient to require a party to obtain a ruling from the zoning board of appeals before bringing a superior court action. Furthermore, the plaintiff requested money damages which the zoning board could not award. In Reynolds, the plaintiffs were permitted to apply, without exhausting administrative remedies, to restrain the defendants from continuing construction work on certain buildings that violated zoning regulations and the building code, also demonstrating that the defendants' acts constituted a nuisance. The plaintiffs alleged that the acts adversely affected the plaintiffs' property values, increased risks of fire, endangered health because of rodent migrations, and other odors, pollution and substances. Reynolds v. Soffer, supra, 183 Conn. 68.
The plaintiffs argue that their action is different from the actions before the zoning board, and the board could not provide an adequate remedy. The plaintiffs claim that they are seeking a declaratory judgment that the Town of New Canaan must comply with the zoning regulations, which the ZBA cannot do, and injunctive relief enjoining the defendants from continuing the West School project because of certain actual violations, which the ZBA likewise cannot do.
The defendants respond by quoting Cummings v. Tripp,
"exhaustion law is too complex for a meaningful simple statement of when exhaustion is required and when it is not but clearly the courts generally do what they obviously should do — they weigh the CT Page 2862 reasons pulling in each direction and decide whether requiring exhaustion is desirable." Cummings v. Tripp, supra, 204 Conn. 79. In the Cummings and Reynolds cases, argue the defendants, the plaintiffs had not actually filed duplicative appeals before the Zoning Boards. Furthermore, the defendants argue that the relief is different only in legal nomenclature. There is little difference between an order to temporarily stop work at the school or an implementation of a stay under the regulations. The defendants then claim that the Zoning Board has agreed to determine whether the town is subject to its own zoning regulations. The plaintiffs will be able to appeal those decisions to the superior court.
The exception to the exhaustion doctrine does not apply to the plaintiffs. Nowhere in the plaintiffs application or verified complaint do they allege specific and material claims of damage. Furthermore the plaintiffs are free to appeal the ZBA decision upholding the certification to this court. The plaintiffs have appealed the underlying issues upon which it seeks relief, and the ZBA would be a better forum in which to interpret the town's own regulations. "[W]hen a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test." Greater Bridgeport Transit v.Local Union 1336, 211 Conn. 436, 439, 559 A.2d 1113 (1989). Lastly, the plaintiffs argue that the ZBA does not have the authority to pass on the issue of whether the town is subject to its own zoning regulations. However, this issue is presently not before the court. The injunction application requests a stay of work on the project and an injunction. While the verified complaint requests declaratory judgment, this request is not contained in the application for injunction. Accordingly, the application is dismissed for failure to exhaust administrative remedies. Because the court dismisses the injunction, the court need not reach the other grounds cited in the motion to dismiss, indispensable parties.