[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case comes before this court on the application of the plaintiff for an injunction to restrain the defendant State Board of Education from issuing and enforcing orders concerning the educational placement of a particular student against whom the plaintiff had brought charges for expulsion from Lyman Hall High School arising from an alleged assault on another student.
The plaintiff Wallingford Board of Education claims that it had postponed the expulsion hearing at the request of the student's attorney and that before the hearing was held, the Due Process Unit of the Bureau of Special Education and Pupil Services of the State Department of Education, at the request of the student's parents, issued an order concerning the student's placement. The hearing officer for the State Department of Education, Gail Mangs, denied a motion by Wallingford to dismiss the student's proceeding for lack of jurisdiction. Specifically, the Wallingford board took the position that C.G.S. § 10-76h
requires the parents or guardians of a child who is alleged to require special education to raise their claims at a PPT at the local level before seeking a hearing with the State Department of Education.
The State Department of Education has moved to dismiss the plaintiff's application for injunctive relief on the ground that this court lacks subject matter jurisdiction over an issue that must now be the subject of an administrative appeal from the order of the state hearing officer. The Wallingford board takes the position that it should be permitted to attack the hearing officer's rulings collaterally before this court because the hearing officer was without jurisdiction.
In fact, the Connecticut Supreme Court has hewn to the doctrine of exhaustion of administrative remedies even where, as CT Page 9834 here, the basic issue is whether the administrative agency had jurisdiction to act: ["e]xhaustion is required even in cases where the agency's jurisdiction over the proposed activity has been challenged." O G Industries, Inc. v. Planning and ZoningCommission, 232 Conn. 419, 425 (1995).
In Greater Bridgeport Transit District v. Local Union 1336,211 Conn. 436, 439 (1989), the Supreme Court ruled that the Superior Court did not have jurisdiction to enjoin an administrative agency where it was claimed that the agency lacked jurisdiction. Instead, the Court ruled that the agency was empowered to decide its own jurisdiction, a determination that could be challenged in an administrative appeal.
The Supreme Court acknowledged in Cannata v. Department ofEnvironmental Protection, 215 Conn. 616, 622 n. 7 (1990) that the ruling in Greater Bridgeport Transit Authority, cited above, "implicitly overrule[d]" a contrary ruling in Aaron v.Conservation Commission, 178 Conn. 178 (1979).
In Greater Bridgeport Transit, 211 Conn. 439-40, the Supreme Court stated that where the agency rules in favor of its own jurisdiction, "[t]he plaintiff may then, if necessary, raise the jurisdictional issue on administrative appeal pursuant to General Statutes § 4-183."
It is unclear what effect this holding has on the Supreme Court's observation, in a footnote in Cannata, supra, that exhaustion of an administrative appeal is required "[a]bsent a showing of immediate and irreparable harm." Cannata v. Dept. ofEnvironmental Protection, 215 Conn. 633 n. 12. While the Wallingford board alleges that its interest in autonomy and in initial consideration of special education matters will be irreparably harmed, the court has not been presented with a clear record that the state hearing officer has or will order a placement antithetical to the interests of the Wallingford board or that efforts to stay any disputed orders pursuant to C.G.S. § 4-183(f) would not be acted upon favorably pending an administrative appeal.
Based on the precedents cited above, this court finds that it may not adjudicate the issue of the defendant's jurisdiction upon an application for injunctive relief but must await the filing of an administrative appeal. CT Page 9835
The motion to dismiss for lack of subject matter jurisdiction is granted.
Beverly J. Hodgson Judge of the Superior Court