[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
On March 2, 1998, the plaintiff filed a three count complaint in superior court against the Fairfield County Sheriff's Department, four individual members of the Fairfield County Sheriff's Department, the Sheriff's Advisory Board, and three individual members of the Sheriff's Advisory Board. Count one alleges that "[o]n or about August of 1996, Plaintiff filed a discrimination complaint with the Commission on Human Rights and Opportunities" and "[a]s a result of filing a complaint against the Defendants, Plaintiff has been subjected to retaliation in violation of Connecticut General Statutes § 46a-60(a)(4)." (Count one, ¶¶ 2, 3.) Count two alleges that "[i]ndividual decisions and communications made by the conduct of the Defendants during the counsel of Plaintiffs' employment constitute discrimination in employment on the basis of sex in violation of Connecticut General Statutes § 46a-60(a)(1)." (Count two, ¶ 10.) Count three alleges that "Defendants had a duty of care to prevent the original and recurring harm. . . . Defendants violated its duty to take reasonable action to CT Page 12677 investigate Plaintiffs' complaint and to protect Plaintiff from further injury. . . . The Sheriff Advisory Board failed to exercise due care in investigating the hostile and unreasonable environment created by the other Defendants . . . [and the] Sheriff Advisory Board negligently and carelessly failed to take precautions to eliminate and prevent the other Defendants from harassing, intimidating, coercing, threatening and embarrassing Plaintiff." (Count three, ¶¶ 21-25.)
On May 1, 1998, the defendants moved to dismiss the action for lack of subject matter jurisdiction, lack of personal jurisdiction, and insufficiency of service of process. The defendants claim that the court lacks subject matter jurisdiction on the grounds that in this action against the state the plaintiff's complaint is barred by the principle of sovereign immunity, the seven named individual defendants as officers or employees of the state are immune from personal liability, and the plaintiff has failed to pursue and exhaust the administrative remedy available under General Statutes § 4-141 et seq. for adjudication of claims against the state.
The defendants also claim that service of process was insufficient as to three of the named individual defendants because service was neither made in hand nor at their usual places of abode. Finally, the defendants argue that the defendant named as the "Fairfield County Sheriff's Department" does not exist as a legal entity and therefore may not be sued.
On July 2, 1998, the plaintiff filed a memorandum in opposition to the defendants' motion to dismiss. The plaintiff's general argument is that the state has legislatively waived sovereign immunity in the enactment of the Connecticut Fair Employment Practices Act (CFEPA), General Statutes § 46a-51
et seq., in which "employer" is defined to include the state, and therefore she is not required to obtain the state's consent to be sued by filing this action with the claims commissioner pursuant to § 4-142. Further, the plaintiff disputes that she has not exhausted her administrative remedies. The plaintiff claims that she filed an employment action against the defendants with the Commission on Human Rights and Opportunities (CHRO) in accordance with General Statutes § 46a-82 on July 11, 1997[1], and that CHRO after an investigation issued a Notice of Final Agency Action on June 2, 1998. The plaintiff argues that she is now entitled to appeal CHRO's decision in superior court pursuant to General Statutes §§ 46a-94a and 4-183. The plaintiff does not CT Page 12678 address the defendants' claim that service of process was insufficient as to three of the named individual defendants.
 II
"[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light."Savage v. Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone."Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000
(1988). Since, in the present case, neither party has filed any supporting affidavits pursuant to Practice Book § 10-31
[formerly § 143] seeking to introduce facts outside of the complaint, the court must rely wholly upon the facts alleged in the complaint. Pellegrino v. O'Neill, 193 Conn. 670, 672,480 A.2d 476 (1984).
The plaintiff alleges in the complaint that she filed a discrimination complaint against the defendants with the CHRO in August, 1996. (Count one, ¶ 2.) The complaint, however, provides no further information as to the current stage of these administrative proceedings, in particular whether the agency has reached a final and therefore appealable decision on the matter.[2] Therefore, the present action before the court is in the form of an independent action, not an appeal from a CHRO decision. "It is well established that the right to appeal an administrative action is created only by statute and a party must exercise that right in accordance with the statute for the court to have jurisdiction." New England Rehabilitation Hospital ofHartford, Inc. v. Commission on Hospitals and Health Care,226 Conn. 105, 120, 627 A.2d 1257 (1993). "[W]hen a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action. . . .") Greater Bridgeport Transit District v. LocalUnion 1336, 211 Conn. 436, 439, 559 A.2d 1113 (1989). Further, the plaintiff is seeking money damages, a remedy not available in an administrative appeal. See Tsimbidaros v. State, Superior Court, judicial district of Waterbury, Docket No. 128051 (February 1, 1996, Kulawiz, J.). The plaintiff's present action, therefore, appears on its face to be an independent, direct action brought in superior court for violations of § 46a-60
while the plaintiff is apparently simultaneously involved in ongoing proceedings before the CHRO. CT Page 12679
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . . The exhaustion doctrine reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment. . . . It also relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review." (Citations omitted; internal quotation marks omitted.) Simko v. Ervin, 234 Conn. 498, 503-04, 661 A.2d 1018
(1995).
Jurisdiction over claims of violations of General Statutes § 46a-60 is vested exclusively with the CHRO See General Statutes §§ 46a-54 (8) and 46a-56 (a); Sullivan v. Board ofPolice Commissioners, 196 Conn. 208, 216, 491 A.2d 1096 (1985) (CFEPA "vests first-order administrative oversight and enforcement of these rights in the CHRO."). A private cause of action under § 46a-60 is allowed only pursuant to §46a-100.[3] Coleman v. Department of Corrections, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 539897 (March 14, 1996, Hale, J.). Section 46a-100
provides: "Any person who has timely filed a complaint with the [CHRO] in accordance with section 46a-82, alleging a violation of section 46a-60 and who has obtained a release from the commission in accordance with section 46a-101, may also bring an action in the superior court. . . ." Section 46a-101 provides: "No action may be brought in accordance with section 46a-100 unless the complainant has received a release from the commission in accordance with the provisions of this section."
"The plaintiff bears the burden of proving subject matter jurisdiction, whenever and however raised." Fink v. Golenbock,238 Conn. 183, 199 n. 13, 680 A.2d 1243 (1996). Although the plaintiff alleges that she filed a discrimination complaint with the CHRO in August, 1996, she does not allege that the complaint was released pursuant to § 46a-101. Nor has the plaintiff provided a supporting affidavit submitting this fact. On the contrary, her complaint appears to allege that the CHRO proceedings were ongoing at the time she filed the present action. Therefore, if the plaintiff in fact has obtained a release to sue pursuant to § 46a-101, it was incumbent upon CT Page 12680 the plaintiff to submit an affidavit pursuant to Practice Book § 10-31 [formerly § 143] containing the facts necessary to support this claim.
"Our courts have consistently held that failure to comply with the conditions established by the CFEPA `forecloses [a plaintiff's] access to judicial relief, because it [deprives] the trial court of jurisdiction to hear [her] complaint.' Sullivan v.Board of Police Commissioners, 196 Conn. 208, 218, 491 A.2d 1096
(1985). . . . To the extent that [the] plaintiff's complaint raises claims under § 46a-60, the court lacks jurisdiction. Whenever the court finds that it is without jurisdiction, it is bound to dismiss the case. Concerned Citizensof Sterling v. Sterling, [204 Conn. 551, 557, 529 A.2d 666
(1987)]." (Citation omitted.) Cross v. Larosa, Superior Court, judicial district of New Britain, Docket No. 477442 (January 13, 1998, Graham, J.).
The plaintiff's complaint alleges violations of General Statutes § 46a-60. In the absence of an allegation by plaintiff that she has obtained a release to sue directly in superior court, the CHRO retains jurisdiction over such claims. Therefore, because it appears on the face of the record that the court lacks jurisdiction over the plaintiff's claim, the defendant's motion to dismiss for lack of subject matter should is granted.
Stengel, J.