[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 2515
This is an administrative appeal to the Superior Court by the plaintiff-appellant, Morton J. Downey, Jr. from a decision by the defendant-appellee Waterbury Retirement Board (hereinafter referred to as the "Board" or "Defendant") denying plaintiffs request to recalculate his disability pension payments.
The defendant filed a return of record and a supplemental return of record. The plaintiff filed a brief in support of his appeal and attached as exhibits memoranda of previous proceedings concerning the same parties. A reply brief was filed by the defendant. The Court heard oral argument of counsel on June 2, 1999 and August 17, 1999. At the request of the plaintiff the court allowed testimony of Palma Brustat, the Pension and Benefits Administrator for the City of Waterbury as well as that of Pasquale A. Mangini, Chairman of the City of Waterbury's Retirement Board. The Court dismissed the appeal on December 9, 1999 with this Memorandum to follow.
 PROCEDURAL BACKGROUND
The plaintiff was born on October 15, 1931 and commenced his employment with the City of Waterbury in September, 1953 as a full-time firefighter. By application dated April 17, 1995 (Return of Record Item 9) the plaintiff made application for adisability (emphasis added) pension. Attached to the application are the medical reports of Doctor William H. Fisher, Jr. dated May 4, 1995 and Doctor Michael G. Sermer dated May 11, 1995. Both physicians conducted independent medical examinations and concluded that the plaintiff was totally and permanently disabled from his occupation, i.e., that of a firefighter as a result of the continuing effects of injuries he sustained in 1977. The medical examinations were requested by the City of Waterbury Retirement Board (Return of Record Item 10) in connection with the plaintiffs application. The plaintiff received copies of the physician s reports (Return of Record Item 12). A meeting of the Commissioners of the Board was scheduled for June 14, 1995 and the plaintiff was duly notified by certified mail (Return of Record Item 12). In preparation for the meeting the Board was provided with a pension worksheet (Return of Record Item 8) and copies of Pay Rate Cards 1954 through 1994 (Return of Record Item 1).
At its meeting of June 14, 1995 the Board unanimously CT Page 2516 approved the plaintiffs application for a disability pension after reviewing the medical records attached to the application and the firefighters contract and awarded the plaintiff a disability pension of 62%. (Return of Record Item 1 and Supplemental Return of Record Item 2). On or about June 21, 1995 the plaintiff was notified of the Board's decision (Return of Record Item 13).
Following his notification of the Board's decision the plaintiff retained counsel who appeared with the plaintiff at the Board's meeting of November 13, 1996 (Return of Record Item I). Since the plaintiff's matter was not on the Board's agenda, the matter was continued. At its meeting of December 9, 1996 (Return of Record Item 3) the Board referred the matter to the Corporation Counsel's Office for the City of Waterbury. Following meetings of April 9, 1997, July 9, 1997 and August 20, 1997 (Return of Record Items 4, 5 and 6) the Beard rejected the plaintiffs request for a higher pension claiming that the degree of the plaintiff's disability was not the issue and that the plaintiff received an "equitable disability retirement." By letter dated August 21, 1997 the plaintiff was notified of the Boards decision. This appeal followed.
 SCOPE OF COURT REVIEW
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-133(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v.Department of Health Services, 220 Conn. 86, 94 (1991).
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dent. of Public UtilityCT Page 2517Control, 219 Conn. 51, 57-58 (1991). Similarly, "(w)ith regard to questions of fact, it is (not) the function of the trial court . . . to retry the case or to substitute its judgement for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken" Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c.54, 4-166 through 4-189). and the scope of that review is very restricted. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452 (1988).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service, Inc. v.Administrator, Unemployment Compensation Act. 209 Conn. 381, 385
(1988).
The familiar principles of administrative law summarized-above present a formidable obstacle to the overturning by the court of an administrative agency's factual findings. Nevertheless, if the record does not contain sufficient substantial evidence to support those findings, the court must reject them. Dolgner v. Alander, 237 Conn. 272 (1996).
 JURISDICTION OF ADMINISTRATIVE AGENCY
"A claim that an administrative agency has acted beyond its statutory authority or jurisdiction properly may be the subject of an administrative appeal . . . Where there is in place a CT Page 2518 mechanism for adequate judicial review, such as that contained in4-183, "[i]t is [the] general rule that an administrative agency may and must determine whether it has jurisdiction in a particular situation. When a particular statute authorizes an administrative agency to act in a particular situation it necessarily confers upon such agency authority to determine whether the situation is such as to authorize the agency to act — that is, to determine the coverage of the statute — and this question need not, and in fact cannot, be initially decided by a court." Greater Bridgeport Transit District v. Local Union 1336,211 Conn. 436, 439 (1989) (Citations and internal quotation marks omitted).
 SUBSTANTIAL EVIDENCE RULE
"The `substantial evidence' rule governs judicial review of administrative factfinding under General Statutes §4-183. . . . An administrative finding is supported by `substantial evidence' if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . Such a standard of review allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' rule. . . . In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted).Briggs v. State Employees Retirement Commission, 210 Conn. 214,217 (1989). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn.Building Wrecking Co. v. Carrothers, 218 Conn. 580, 601 (1991).
"In challenging an administrative agency action, the plaintiff has the burden of proof. . . . The plaintiff must do more than simply show that another decision maker, such as the trial court, might have reached a different conclusion. Rather than asking the reviewing court to retry the case de novo . . . the plaintiff must establish that substantial evidence does not exist in the record as a whole to support the agencys decision. In reviewing an . . . agency decision made pursuant to the (Uniform Administrative Procedure Act), the reviewing court trust sustain the agencys determination if an examination of the record discloses evidence that supports any one of the reasons given. . . . The evidence, however, to support any such reason CT Page 2519 must be substantial; [t]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency. . . . This so-called substantial evidence rule is similar to the sufficiency of the evidence standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . [I]t imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action. . . . The United States Supreme Court, in defining substantial evidence in the directed verdict formulation, has said that it is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. The reviewing court must take into account [that there is] contradictory evidence in the record . . . but the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . ." (Citations omitted; internal quotation marks omitted.) Newtown v. Keeney,234 Conn. 312, 319-320 (1995), quoting Samperi v. InlandsWetlands Agency, 226 Conn. 579; 587-588 (1993).
 EFFECT OF REGULATIONS
"(V)alidly enacted regulations of an administrative agency carry the force of statutory law." Griffin Hospital v. Commissionon Hospitals and Health Care, 200 Conn. 489, 497 (1986). The DIM policy manual is the equivalent of a state regulation and, as such, carries the force of law. General Statutes § 17-3f(c);Richards v. Commissioner 214 Conn, 601 (1990). "[V]alidly enacted regulations of an administrative agency carry the force of statutory law." Griffin Hospital v. Commission on Hospitals andHealth Care, 200 Conn. 489, 497 (1986). "Regulations promulgated by an agency having authority to do so are presumed valid."Phelps Dodge Copper Products, Inc. v. Groppo, 204 Conn. 122, 134
(1987). "An agency which has authority to enact regulations is vested with a large measure of discretion and the burden of showing that an agency has acted improperly rests upon the one who asserts it . . . and courts are warranted in assuming that a reasonable and rational result was intended and must construe such regulations accordingly. . . . The burden of proving CT Page 2520 unconstitutionality is upon the plaintiff." (Citations omitted.)Page v. Welfare Commissioner, 170 Conn. 258, 263 (1976).
 DEFERENCE
"Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is a well established practice of (the) court to accord great deference to the construction given (a) statute by the agency charged with its enforcement." Starr v. Commissioner of Environmental Protection,226 Conn. 358. 372 (1993). "This principle applies with even greater force to an agency's interpretation of its own duly adopted regulations." Griffin Hospital v. Commission on Hospitalsand Health Care, 200 Conn. 489, 497 (1986). It is undisputed that the Waterbury Retirement Board is responsible for enforcing the statutes and regulations in question. This court is required, therefore, to accord great deference to the interpretation of those statutes and regulations given by the Waterbury Retirement Board. This does not mean that the court must abdicate its adjudicative function in interpreting the law, but it does mean that where there are different but equally plausible interpretations of a statute or regulation, the court must give due deference to that followed by the administrative agency concerned. Starr v. Commissioner, supra 376.
Where, on the other hand, the court determines that an agency's interpretation of a statute is not plausible or reasonable, the court should not defer to such interpretation.Bridgeport Hospital v. Commission on Human Rights andOpportunities, 232 Conn. 91, 109-110.
 CONCLUSION
The court has reviewed the Return of Record, Supplemental Return of Record, Briefs, testimony and arguments of counsel and finds that the Board did not act unreasonably, arbitrarily, illegally or in abuse of its discretion.
At its meeting of June 14, 1995 the Board had before it all relevant information to determine an equitable disability pension for the plaintiff. Thereafter the Board allowed the plaintiff and his counsel at several meetings to provide the Board with additional information claiming other proceedings between the Board and the plaintiff where relevant and material to support a higher pension. The Board reviewed the material and concluded CT Page 2521 that their original decision was equitable.
Since the plaintiff requested a disability pension that is what the Board considered. His claim for a higher pension bused upon years of service and additional injuries is of no avail.
John R. Caruso, J.